# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 52

State of North Dakota,                                    Plaintiff and Appellee

v.

Ibrahim Ahmed Mohammed,                          Defendant and Appellant

## No. 20190280

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Steven L. Marquart, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Renata J. Olafson Selzer, Assistant State's Attorney, Fargo, ND, for plaintiff and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**Crothers, Justice.**

[¶1]   Ibrahim Ahmed Mohammed appeals from a criminal judgment entered after a bench trial finding him guilty of gross sexual imposition. We affirm.

I

[¶2]   The State alleged Mohammed knocked on E.W.'s apartment door, and when she opened it, forced himself inside. The State argued once Mohammed was inside E.W.'s apartment, they sat down on the couch and he started kissing her. The State further argued he sat down on the floor in front of her, pried her legs open and removed her shorts and underwear. He then grabbed her wrist and pulled her towards the bedroom and removed her shirt. E.W. tripped and he pulled her up. He then put her on the bed and penetrated her vagina. The State argued the entire incident lasted approximately fourteen minutes. Mohammed was found guilty of one count gross sexual imposition.

[¶3]   On appeal, Mohammed argues the district court abused its discretion when it denied his motion for acquittal because the "force" element of the crime was not proven beyond a reasonable doubt, and the district court improperly reduced the standard for "force" based on the view that E.W. is a vulnerable adult. Mohammed requests the Court to reverse the criminal judgment.

[¶4]   The State argues the district court properly denied Mohammed's motion for acquittal because sufficient evidence proved he forcibly compelled E.W. to submit to a sexual act. The State also argues the district court properly considered E.W.'s mental capacity, claiming it is relevant in a charge of having sex by force and the extent of force required to compel the victim to submit.

II

[¶5]   The appellate standard of review for a claim of insufficiency of the evidence is well established. A defendant challenging the sufficiency of the evidence on appeal "must show that the evidence, when viewed in the light most favorable to the verdict, reveals no reasonable inference of guilt." *State v.*

*Jacobson*, 419 N.W.2d 899, 901 (N.D. 1988). This Court's role is "to merely review the record to determine if there is competent evidence that allowed the jury to draw an inference 'reasonably tending to prove guilt and fairly warranting a conviction.'" *Id.* (quoting *State v. Matuska*, 379 N.W.2d 273, 275 (N.D. 1985)). The Court does not weigh conflicting evidence or judge the credibility of witnesses. *State v. Brandner*, 551 N.W.2d 284, 286 (N.D. 1996). "In a criminal trial to the court without a jury, our standard of review is the same as if the case had been tried to a jury." *State v. Johnson*, 425 N.W.2d 903, 906 (N.D. 1988).

[¶6] A district court abuses its discretion when ruling on a motion for acquittal under N.D.R.Crim.P. 29 when it misinterprets or misapplies the law, or when it acts in an arbitrary, unreasonable, or capricious manner. *State v. Skarsgard*, 2007 ND 160, ¶ 16, 739 N.W.2d 786.

III

[¶7] Mohammed was charged under N.D.C.C. § 12.1-20-03(1)(a) which provides:

> "1. A person who engages in a sexual act with another, or who causes another to engage in a sexual act, is guilty of an offense if:
> a. That person compels the victim to submit by force or by threat of imminent death, serious bodily injury, or kidnapping, to be inflicted on any human being."

[¶8] The first element of gross sexual imposition under N.D.C.C. § 12.1-20-03(1)(a) is a sexual act. Here, the sexual act was admitted to by Mohammed. Therefore, sufficient evidence exists on the first element of gross sexual imposition.

[¶9] The next element is that the person compels the victim to submit by "force." "Force" is defined as "physical action." N.D.C.C. § 12.1-01-04(10). In *State v. Vantreece*, we stated, "it is the force of physical action by the defendant which must 'compel' the victim to 'submit' to a sex act for a crime to be committed under N.D.C.C. § 12.1-20-03(1)(a)." 2007 ND 126, ¶ 18, 736 N.W.2d 428. The statute clearly outlines force is the action of the defendant and not

2

the victim. There is no requirement that a victim resist. *Vantreece*, at ¶ 23. The Court in *Joern* suggested the prosecution was required "to introduce substantial evidence for the jury to find the use of force by the defendant sufficient to overcome resistance." *Vantreece*, at ¶ 15 (citing *State v. Joern*, 249 N.W.2d 921, 922 (N.D. 1977)). However, under N.D.C.C. § 12.1-20-03(1)(a), force which compels a person to submit is what must be proven. To the extent *State v. Joern*, 249 N.W.2d 921, 922 (N.D. 1977) states otherwise, *Joern* is overruled.

[¶10] In *State v. Truelove*, this Court held that N.D.C.C. § 12.1-20-03(1)(a) states "the use of force must be either prior to or during the sexual act, but not after." 2017 ND 283, ¶ 10, 904 N.W.2d 342. There, the victim testified Truelove "laid on top of her against her will, 'ripped' her skirt and underwear off her, ripped her shirt open, and grabbed her breasts." The victim also testified that throughout she told Truelove to stop. She also attempted to get him off of her, she kicked his chin, and once she became more resistant Truelove began choking her. The record was unclear whether the choking occurred before or after all sexual contact stopped. *Id*. Without parsing the evidence, we held the record supported a reasonable inference by the jury in favor of conviction. *Id*. at ¶ 11.

[¶11] Here, the district court found:

> "The question of course [is] if this occurred with E.W. being compelled to submit by force. Is it enough to say that she said no? Maybe not . . . There is no question that E.W., although having mental deficiencies, does have the mental capacity to consent to sexual intercourse. E.W. testified under oath that she repeatedly said, 'No, I do not want this,' in response to defendant's sexual advances. She said that she is a small person, and that she could not stop the defendant who is stronger than her. E.W. testified that defendant placed his foot in the door preventing her from closing it. She also testified that she tried to keep her legs together on the couch, and the defendant forced those legs open. Her clothes were removed against her will. And E.W. said that she was terrified. She did not want to go to the bedroom, but she was not strong

3

enough to resist. Her wrist was in fact injured. She was thrown to the bed.

> . . . .
>
> "I do want to say that the Court found E.W.'s testimony to be credible and compelling. That includes her testimony that she was submitted to force when the defendant had sexual intercourse with her.
>
> "The Court finds that the State has shown beyond a reasonable doubt that the defendant had sexual intercourse with the defendant and it was done by force."

[¶12] The record contains competent evidence upon which the judge could draw inferences reasonably proving guilt and fairly warranting a conviction. When E.W. opened her door Mohammed blocked E.W. from closing it. E.W. testified Mohammed began to kiss her on the couch and she told him no. When asked, "were you able to physically stop him?" she responded, "no" and later explained, "I have arthritis in most of my body, and I'm not strong enough to push someone off of me." She also testified Mohammed took her clothes off. She stated, "I was trying to keep my—I was trying to keep my clothes on. I have my legs crossed. I have my arms like this (indicating). Then I didn't—I wasn't comfortable."

[¶13] On cross-examination, E.W. was asked, "How did you cross your legs?" She responded, "Both like tight so he couldn't try to open—try to pry into my leg." She also testified, "He got down on the floor and started trying to open my leg and he started kissing my leg." She later described, ". . . he was on the floor trying to pry my legs open." She was also asked, "Where were his hands when he tried to pry your legs apart? Were they down low by your ankles, or were they at your knees, or were they at your thighs? Tell us about that." She responded, "Like in between close to my vagina." She was asked, "So he was trying to pry your legs apart way up in your groin area?" E.W. responded, "Yes." She was also asked, "And once he tried to pry your legs apart. You were able to keep your legs closed?" She responded, "As strong as I could do it, but I wasn't strong enough."

4

[¶14] E.W. testified Mohammed grabbed her by the wrist, pulled her, and pushed her onto the bed. He also removed her shirt in the bedroom. E.W. testified she did not want to go down on the bed.

[¶15] Mohammed's argument that there was no evidence that E.W. physically resisted any action that would need to be overcome *in the bedroom* where the alleged sexual assault occurred is not supported by the law. A victim is not required to resist. *Vantreece*, 2007 ND 126, ¶ 23, 736 N.W.2d 428. Additionally, *Truelove* states acts prior to the sexual act can be considered when determining force. 2017 ND 283, ¶ 10, 904 N.W.2d 342. There is no requirement the forceful act needs to be immediately prior to the sexual act or in the same location as the sexual act. There must be sufficient evidence that Mohammed used force to compel E.W. to engage in sexual acts. As described above, that exists here.

[¶16] We have considered the remaining issues and arguments raised by Mohammed and determine they are either unnecessary to our decision or without merit.

## IV

[¶17] Because sufficient evidence supports finding Mohammed used force to compel E.W. to submit to the sexual act, the district court did not abuse its discretion when it denied Mohammed's motion for acquittal. We affirm the criminal judgment.

[¶18] Daniel J. Crothers
     Gerald W. VandeWalle
     Lisa Fair McEvers
     Jerod E. Tufte
     Jon J. Jensen, C.J.