# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 101

State of North Dakota,

Plaintiff and Appellee

v.

Kevin Kenneth Michel,

Defendant and Appellant

## No. 20190319

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable Troy J. LeFevre, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by Tufte, Justice.

Frederick R. Fremgen, State's Attorney, Jamestown, N.D., for plaintiff and appellee.

Mary E. Depuydt, Wishek, N.D., for defendant and appellant.

**Tufte, Justice.**

[¶1]   Kevin Michel appeals from a criminal judgment entered after a jury found him guilty of knowingly receiving stolen property. We affirm the criminal judgment, except as to the award of restitution. We reverse the award of restitution because the district court awarded more than what was required to make the victims whole. We remand for a redetermination of restitution consistent with this opinion.

I

[¶2]   Jamestown Police began investigating theft of tires from Northwest Tire in October 2017. About ten months later, Thomas Melland and Andrew Heckelsmiller became suspects in the investigation. Heckelsmiller told police he had sold stolen tires to Kevin Michel.

[¶3]   In August 2018, Detective LeRoy Gross spoke with Michel about the stolen tires. Michel acknowledged he had bought tires from Heckelsmiller and Melland. Detective Gross asked Michel how much he paid for the tires, and Michel replied, "I'm not worried about it. I'll take the loss." Michel also told Detective Gross he stopped buying tires from Heckelsmiller and Melland after seeing a Facebook post from Northwest Tire offering a $500 reward for information regarding stolen tires.

[¶4]   Detective Gross told Michel, "There's going to be a lot of restitution these two boys are going to have to come up with unless we can get some tires back." Michel said he had sold several of the tires but still had some of them. Michel turned over seven new tires to Detective Gross. Representatives from Northwest Tire and J&L Service identified the tires as some of those stolen from their shops.

[¶5]   In December 2018, the State charged Michel with theft of property, alleging he knowingly received, retained, or disposed of tires valued at greater than $1,000. A one-day jury trial was held in August 2019. After the State rested, Michel moved for acquittal under N.D.R.Crim.P. 29, arguing the State

failed to prove the value of the stolen tires exceeded $1,000. The district court denied the motion, and the jury began deliberating.

[¶6] During the jury's deliberations, the jury submitted a note with written questions to the court. The note asked:

> We need clarification on: The Defendant acted with intent to deprive the owner of the property;
>
> Owner: If he thought/believed his friends were the owners and paid/bartered w/ his friends then how does this effect the statement "the owner"?
>
> How is owner defined — who actually owned them or who the defendant thought owned them?

[¶7] The State and Michel submitted proposed responses to the district court. The court adopted the State's proposed response. The court brought the jury into the courtroom and gave the following instruction:

> Again, your questions have been considered. All the instructions on the areas addressed by your question that can be given have been given. Please continue applying the instructions you have to the facts in evidence. That is the extent of the answer to your question. With that, we'll get the instructions back to you.

Later that evening, the jury found Michel guilty.

[¶8] The district court held a sentencing hearing in September 2019. The tires Michel turned over to police had been held in evidence by the Jamestown Police Department. The State moved to have the tires released to their respective owners. The State also argued Michel should be ordered to pay $702 in restitution, which was the retail price of two Cooper Duck Commander tires and one Mud Claw tire. The State argued monetary restitution was appropriate because the Duck Commander tires were discontinued, and tires are less marketable when not in a set of four. Michel argued the State's proposed restitution amount was too speculative and inappropriate given the return of the tires. The district court ordered Michel to pay $702 in restitution.

2

## II

[¶9]  Michel argues the district court erred by not specifically answering the jury's questions and instead referring them to the existing jury instructions. A district court's response to a jury request for supplemental instructions is reviewed for an abuse of discretion. *See United States v. Skarda*, 845 F.3d 1508, 1512 (8th Cir. 1988) ("The response to a jury request for supplemental instructions is a matter within the sound discretion of the district court."). A trial court abuses its discretion only when it acts in an arbitrary, unreasonable, or unconscionable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination. *Haas v. Hudson & Wylie LLP*, 2020 ND 65, ¶ 11.

[¶10] Michel cites *Bollenbach v. United States*, 326 U.S. 607, 611–12 (1946), in which the United States Supreme Court said, "When a jury makes explicit its difficulties a trial judge should clear them away with concrete accuracy." In *Bollenbach*, a federal jury asked the court whether conspiracy could be committed after the underlying crime was committed. *Id.* at 609. The trial judge answered the question, but the supplemental instruction was plainly wrong. *Id.* at 611. The defendant was convicted, and the United States Supreme Court reversed because the trial judge's response misinformed the jury. *Id.* at 615.

[¶11] Unlike in *Bollenbach*, where an inaccurate answer was given, the district court here referred the jury to existing instructions which correctly informed the jury of the applicable law and its duty as the factfinder. Because the district court's answer accurately informed the jury of the law, we cannot say the response was arbitrary, unreasonable, unconscionable, or a misapplication of law. We therefore conclude the district court did not abuse its discretion in its response to the jury's questions.

## III

[¶12] Michel argues the evidence at trial was insufficient to sustain the guilty verdict.

The appellate standard of review for a claim of insufficiency of the evidence is well established. A defendant challenging the sufficiency of the evidence on appeal "must show that the evidence, when viewed in the light most favorable to the verdict, reveals no reasonable inference of guilt." *State v. Jacobson*, 419 N.W.2d 899, 901 (N.D. 1988). This Court's role is "to merely review the record to determine if there is competent evidence that allowed the jury to draw an inference 'reasonably tending to prove guilt and fairly warranting a conviction.'" *Id.* (quoting *State v. Matuska*, 379 N.W.2d 273, 275 (N.D. 1985)). The Court does not weigh conflicting evidence or judge the credibility of witnesses. *State v. Brandner*, 551 N.W.2d 284, 286 (N.D. 1996).

*State v. Mohammed*, 2020 ND 52, ¶ 5, 939 N.W.2d 498.

## A

[¶13] Michel first argues there was insufficient evidence that he knew the tires were stolen. Section 12.1-23-02(3), N.D.C.C., provides a person is guilty of theft if he "[k]nowingly receives, retains, or disposes of property of another[.]"

[¶14] We have reviewed the record and conclude there was competent evidence that, when viewed in the light most favorable to the verdict, supports a reasonable inference by the jury that Michel knew the tires were stolen. Michel admitted to Detective Gross he stopped accepting tires from Heckelsmiller and Melland after seeing Northwest Tire's Facebook post about stolen tires. Michel was evasive and refused to tell Detective Gross what he paid Heckelsmiller and Melland for the tires. Despite running a repair shop where he stored and sold other tires, Michel kept the seven stolen tires at another location. From these facts and others in the record, we conclude that a jury could reasonably infer Michel knew the tires were stolen.

## B

[¶15] Michel next argues there was insufficient evidence that the value of the stolen tires exceeded $1,000. Under N.D.C.C. § 12.1-23-05(3)(a), theft is a Class C felony if the property or services stolen exceed one thousand dollars in value. Section 12.1-23-05(7), N.D.C.C., provides:

For purposes of grading, the amount involved in a theft under this chapter is the highest value by any reasonable standard, regardless of the actor's knowledge of such value, of the property or services which were stolen by the actor, or which the actor believed that the actor was stealing, or which the actor could reasonably have anticipated to have been the property or services involved. Thefts committed pursuant to one scheme or course of conduct, whether from the same person or several persons, may be charged as one offense and the amounts proved to have been stolen may be aggregated in determining the grade of the offense.

[¶16] Police recovered two Duck Commander tires, one Mud Claw tire, and four Hercules tires from Michel. Trial testimony established the Duck Commander and Mud Claw tires were stolen from Northwest Tire and the Hercules tires were stolen from J&L Service. The tires from Northwest Tire were valued at $701.97 and the tires from J&L Service were valued at $632. In total, the seven tires were valued at $1,333.97.

[¶17] Michel argues the district court erred in considering the value of tires stolen from J&L Service because the criminal complaint charged only that Michel knowingly received tires stolen from Northwest Tire and the value of the tires stolen from Northwest Tire is less than $1,000. The State argues the district court properly considered all of the stolen tires in its valuation because the charging language related to Northwest Tire is surplusage.

[¶18] In support of his argument that the district court improperly considered the tires stolen from J&L Service, Michel cites N.D.C.C. § 29-05-01(5), which provides a criminal complaint must state "[t]he person against whom, *or against whose property, the offense was committed*, if known" (emphasis added). The State initiated prosecution against Michel by criminal complaint, but the complaint was replaced with a criminal information at the preliminary hearing, as required in felony cases under N.D.R.Crim.P. 7(a)(1). Both the complaint and the information specified the charge as follows: "In particular, the Defendant received one or more tires from Andrew Heckelsmiller and Thomas Melland, valued at more than $1,000 but less than $10,000, from a storage unit belonging to NW Tire & Auto Service."

[¶19] Rule 7(c)(1), N.D.R.Crim.P., provides the "information must name or otherwise identify the defendant, and must be a plain, concise, and definite written statement of the essential facts constituting the elements of the offense charged." The identity of the true owner is not an element of theft under N.D.C.C. § 12.1-23-02(3). Rather, the State must prove that the defendant knowingly received, retained, or disposed of property of "another." We have said, "If words appear in an information or complaint which, if stricken, do not cause omission of any of the essential elements of the offense, those words may be treated as surplusage and wholly disregarded." *State v. Woehlhoff*, 515 N.W.2d 192, 194 (N.D. Ct. App. 1994). Because the identity of the victim is not an element of theft, we conclude that reference to Northwest Tire in the information may be disregarded as surplusage.

[¶20] Testimony by the representatives from Northwest Tire and J&L Service established the value of the stolen tires was $1,333.97. We hold the record supports a reasonable inference by the jury that the value of the stolen tires exceeded $1,000.

IV

[¶21] Michel argues the district court abused its discretion by awarding excessive restitution.

> When reviewing a restitution order, we look to whether the district court acted "within the limits set by statute," which is a standard similar to our abuse of discretion standard. "A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law."

*State v. Strom*, 2019 ND 9, ¶ 3, 921 N.W.2d 660 (quoting *State v. Blue*, 2018 ND 171, ¶ 13, 915 N.W.2d 122). Section 12.1-32-08(1), N.D.C.C., provides, "[i]n determining the amount of restitution, the court shall take into account the reasonable damages sustained by the victim or victims of the criminal offense, which damages are limited to those directly related to the criminal offense and expenses actually incurred as a direct result of the defendant's criminal action."

6

[¶22] Michel argues the monetary restitution in addition to the return of the tires is inappropriate because it excessively compensates Northwest Tire. The State argues the monetary restitution is appropriate because it compensates Northwest Tire for diminution in value because some of the tires are discontinued models and because tires are less marketable when not in a set of four.

[¶23] The district court's restitution award included both the full retail price of the tires and return of the tires to Northwest Tire. We have said a victim is entitled to be made whole through a reasonable restitution based on the entirety of his actual losses. *State v. Kostelecky*, 2018 ND 12, ¶ 12, 906 N.W.2d 77. The restitution order compensates Northwest Tire in excess of its actual losses because it orders return of the stolen tires and also payment of the full retail value for each of them. We hold the district court abused its discretion in awarding monetary restitution of the full retail price in addition to return of the stolen tires. We reverse the restitution award and remand for redetermination of the amount necessary to compensate the victim for losses suffered as a result of Michel's criminal conduct.

V

[¶24] We affirm the criminal judgment, except as to the award of restitution. We reverse the award of restitution and remand for a redetermination of restitution consistent with this opinion.

[¶25] Jerod E. Tufte
Gerald W. VandeWalle
Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers