# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 256

Spencer Kerry Curtiss,                                    Petitioner and Appellant

     v.

State of North Dakota,                                    Respondent and Appellee

## No. 20200175

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable David E. Reich, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Spencer K. Curtiss, self-represented, Bismarck, ND, petitioner and appellant; submitted on brief.

Tiffany J. Grossman, Assistant Attorney General, Bismarck, ND, for respondent and appellee; submitted on brief.

**Jensen, Chief Justice.**

[¶1] Spencer Curtiss appeals from the dismissal of his declaratory judgment action seeking relief from a criminal judgment and the district court's subsequent order denying his motion for reconsideration. We affirm.

I

[¶2] In 2011, Curtiss was convicted and sentenced to 25 years of imprisonment with all but 15 years suspended for Gross Sexual Imposition (GSI) with a minor. Curtiss has previously initiated a direct appeal of his conviction in the criminal case, filed two petitions for post-conviction relief under the Uniform Postconviction Procedure Act, moved for relief under N.D.R.Civ.P. 60, and moved to amend his probation. *State v. Curtiss*, 2011 ND 175, 803 N.W.2d 834; *Curtiss v. State*, 2015 ND 83, 865 N.W.2d 124; *Curtiss v. State*, 2015 ND 159, 870 N.W.2d 26; *Curtiss v. State*, 2016 ND 62, 877 N.W.2d 58; *State v. Curtiss*, 08-10-K-01650. The relief requested by Curtiss was denied in each of the prior proceedings.

[¶3] In February 2020, Curtiss filed a complaint in district court seeking a declaratory judgment, a vacation of the sex offender registration requirements of his sentence, and a removal of his probation period. In his complaint, Curtiss asserted a variety of claims challenging the underlying GSI conviction. The court dismissed the action under N.D.R.Civ.P. 12(b)(6) after finding the current action to be an impermissible collateral attack on the criminal judgment. Curtiss subsequently filed a motion for reconsideration of the dismissal of his action. The court denied the motion. On appeal, Curtiss argues the district court erred in dismissing his action and denying his motion to reconsider.

II

[¶4] "A motion to dismiss under N.D.R.Civ.P. 12(b)(6) tests the legal sufficiency of the claim presented in the complaint." *Hondl v. State*, 2020 ND

20, ¶ 5, 937 N.W.2d 564 (citing *Great W. Cas. Co. v. Butler Mach. Co.*, 2019 ND 200, ¶ 5, 931 N.W.2d 504). This Court has determined the standard of review as follows:

> On appeal from a dismissal under N.D.R.Civ.P. 12(b)(6), we construe the complaint in the light most favorable to the plaintiff and accept as true the well-pleaded allegations in the complaint. A district court's decision granting a Rule 12(b)(6) motion to dismiss a complaint will be affirmed if we cannot discern a potential for proof to support it. We review a district court's decision granting a motion to dismiss under N.D.R.Civ.P. 12(b)(6) de novo on appeal.

*Krile v. Lawyer*, 2020 ND 176, ¶ 15, 947 N.W.2d 366 (internal citations and quotations omitted).

[¶5] The Uniform Postconviction Procedure Act is the exclusive remedy for collaterally challenging the judgment of a conviction. *State v. Atkins*, 2019 ND 145, ¶ 11, 928 N.W.2d 441 (relying on N.D.C.C. § 29-32.1-01(4)). Postconviction applications seeking to challenge the judgment are time barred after two years of the date the conviction becomes final unless an exception applies. N.D.C.C. §§ 29-32.1-01(2) and (3). A conviction becomes "final" when:

> a. The time for appeal of the conviction to the North Dakota supreme court expires; b. If an appeal was taken to the North Dakota supreme court, the time for petitioning the United States supreme court for review expires; or c. If review was sought in the United States supreme court, the date the supreme court issues a final order in the case.

N.D.C.C. § 29-32.1-01(2).

[¶6] Curtiss' declaratory judgment action constituted a collateral attack on his criminal judgment not provided for by law. *See Hamilton v. Hamilton*, 410 N.W.2d 508, 520 (N.D. 1987) ("Any attempt to avoid, defeat or evade a judgment, or to deny its force and effect, in some incidental proceeding *not provided for by law*, with the express purpose of obtaining relief from that judgment is a collateral attack."); *State v. Atkins*, 2019 ND 145, ¶ 11, 928 N.W.2d 441 ("[T]he Uniform Postconviction Procedure Act is to be used

exclusively in place of other remedies collaterally challenging the judgment of conviction."); N.D.C.C. § 29-32.1-01(2) (postconviction applications seeking to challenge a criminal judgment are barred after two years of the date the conviction becomes final). Over two years have elapsed since Curtiss' criminal judgment became final. If Curtiss had initiated his action challenging the 2011 criminal judgment as a postconviction relief proceeding, his action would have been time barred. N.D.C.C. § 29-32.1-01(2). The court did not err in the dismissal of Curtiss' action under Rule 12(b)(6) as a prohibited collateral attack of a final judgment. *See Atkins*, 2019 ND 145, ¶ 11, 928 N.W.2d 441.

## III

[¶7] Curtiss filed a motion for reconsideration of the dismissal of his action, arguing he was entitled to obtain relief under N.D.R.Civ.P. 52(b), N.D.R.Civ.P. 59(j), and N.D.R.Civ.P. 60(b). In his brief in support of the motion to reconsider, Curtiss re-asserted many of the arguments raised in his original petition regarding his challenge to the criminal judgment.

[¶8] North Dakota law does not formally recognize motions to reconsider, and motions for reconsideration are treated as motions to alter or amend a judgment under N.D.R.Civ.P. 59(j), or motions for relief from a judgment under N.D.R.Civ.P. 60(b). *Kautzman v. Doll*, 2018 ND 23, ¶ 9, 905 N.W.2d 744. A court's denial of a motion for reconsideration will not be reversed on appeal absent a manifest abuse of discretion. *Id.* at ¶ 13. "A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when it misapplies or misinterprets the law, or when the decision is not the product of a rational mental process leading to a reasoned decision." *Matter of Estate of Bartelson*, 2019 ND 107, ¶ 13, 925 N.W.2d 416 (citing *J.B. v. R.B.*, 2018 ND 83, ¶ 5, 908 N.W.2d 687). "An abuse of discretion is never assumed and must be affirmatively established, and this Court will not reverse a district court's decision merely because it is not the one it would have made had it been deciding the motion." *Anderson v. Baker*, 2015 ND 269, ¶ 7, 871 N.W.2d 830.

[¶9] In denying the motion to reconsider, the district court stated the following:

Curtiss has failed to show that he has a right to reconsideration under N.D.R.Civ.P. Rules 52(b), 59(j), and 60(b). His motion appears to be yet another attempt to raise the same arguments collaterally attacking his criminal conviction which the court previously dismissed. Because Curtiss has failed to show he is entitled to reconsideration under the rules stated, his motion for reconsideration is DENIED.

[¶10] The district court's explanation for denying Curtiss' motion demonstrates it considered and rejected his arguments. The court's reasoning is supported by the record as Curtiss raised no new substantive issues for the court to decide after dismissing the complaint based upon a collateral attack of Curtiss' GSI conviction which was not supported by law. The court's decision was the product of a rational mental process and was not arbitrary, unconscionable, or unreasonable. The court did not abuse its discretion in denying the motion seeking reconsideration of the dismissal of his action.

IV

[¶11] The district court properly dismissed Curtiss' action seeking to collaterally challenge his 2011 criminal conviction for Gross Sexual Imposition of a minor under N.D.R.Civ.P. 12(b)(6) and did not abuse its discretion in denying his subsequent request for reconsideration of the dismissal. We affirm.

[¶12] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte