# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 38

State of North Dakota,                                    Plaintiff and Appellee

     v.

Daniel Arturo Samaniego,                         Defendant and Appellant

## No. 20210252

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Tristan J. Van de Streek, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Nicholas S. Samuelson, Assistant State's Attorney, Fargo, ND, for plaintiff and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**Jensen, Chief Justice.**

[¶1] Daniel Arturo Samaniego appeals from a criminal judgment in which he was found guilty of gross sexual imposition, a class AA felony. He argues there was insufficient evidence to prove the required force for the offense and whether the crime occurred in Cass County. He also argues the State engaged in prosecutorial misconduct by questioning law enforcement about whether he had been interviewed. We affirm, concluding there was sufficient evidence to find Samaniego guilty of gross sexual imposition and the issue of prosecutorial misconduct was not sufficiently preserved for appeal or argued on appeal.

I

[¶2] In September 2020, Samaniego was charged with gross sexual imposition in violation of N.D.C.C. § 12.1-20-03(1)(a). The information alleged that in Cass County, North Dakota, Samaniego compelled the victim to submit to a sexual act by force.

[¶3] A jury trial was held in May 2021. The victim testified that Samaniego forced her to engage in oral sex. Three Fargo police officers testified about their investigation into the crime. One of the officers was asked whether Samaniego was ever interviewed. Samaniego objected to the question as being outside the scope of redirect examination and the objection was sustained. No further questions were asked regarding an interview of Samaniego and the State did not subsequently reference the subject.

[¶4] At the conclusion of the State's case, Samaniego moved for a judgment of acquittal with a general assertion the victim was not credible. In responding to Samaniego's motion, the district court noted its concerns that no direct evidence was presented that the crime occurred in Cass County, but found a reasonable jury could conclude the crime occurred there. The court denied the motion for acquittal.

[¶5] The jury was instructed that to convict Samaniego, he must be found to have committed the act in Cass County. The instructions also provided that Samaniego's silence could not be considered by the jury and the State was prohibited from commenting on Samaniego's silence. The jury subsequently found Samaniego guilty of gross sexual imposition in violation of N.D.C.C. § 12.1-20-03(1)(a).

II

[¶6] Samaniego argues the district court abused its discretion in not granting his motion for acquittal because insufficient evidence was presented to the jury to support the conviction. He contends the State did not prove the force required for gross sexual imposition and there was no evidence that the crime occurred in Cass County.

[¶7] The standard of review on a sufficiency of the evidence claim is well-established:

> A defendant challenging the sufficiency of the evidence on appeal "must show that the evidence, when viewed in the light most favorable to the verdict, reveals no reasonable inference of guilt." *State v. Jacobson*, 419 N.W.2d 899, 901 (N.D. 1988). This Court's role is "to merely review the record to determine if there is competent evidence that allowed the jury to draw an inference 'reasonably tending to prove guilt and fairly warranting a conviction.'" *Id.* (quoting *State v. Matuska*, 379 N.W.2d 273, 275 (N.D. 1985)). The Court does not weigh conflicting evidence or judge the credibility of witnesses. *State v. Brandner*, 551 N.W.2d 284, 286 (N.D. 1996).

*State v. Mohammed*, 2020 ND 52, ¶ 5, 939 N.W.2d 498.

A

[¶8] Samaniego was convicted of gross sexual imposition in violation of N.D.C.C. § 12.1-20-03(1)(a), which provides:

> 1. A person who engages in a sexual act with another, or who causes another to engage in a sexual act, is guilty of an offense if:

2

       a. That person compels the victim to submit by force or by threat of imminent death, serious bodily injury, or kidnapping, to be inflicted on any human being[.]

[¶9]   Samaniego argues the State failed to introduce evidence that sufficient force was used to overcome resistance, citing *State v. Joern*, 249 N.W.2d 921, 922 (N.D. 1977). Our decision in *Joern* has been expressly overruled. *State v. Mohammed*, 2020 ND 52, ¶ 9("There is no requirement that a victim resist. . . . force which compels a person to submit is what must be proven. To the extent *State v. Joern* [ ] states otherwise, *Joern* is overruled.") Section 12.1-20-03(1)(a), N.D.C.C., requires force sufficient to compel the victim to submit. Acts prior to the sexual act can be considered when determining force. *State v. Truelove*, 2017 ND 283, ¶ 10, 904 N.W.2d 342.

[¶10] The victim testified as follows:

> That is when he asked if I could give him a blowjob instead. And I said, no, that I just wanted to go home. And that's when he grabbed my wrist and pulled me out to the living room and proceeded to pull down his pants. And I didn't know that he was going to be doing that. And then he grabbed my head, forced me to suck his penis.

Our role is limited to reviewing the evidence to determine if there is competent evidence to allow the jury to draw an inference reasonably tending to prove Samaniego's guilt and fairly warranting a conviction. In reviewing the evidence our role is not to judge the credibility of the witnesses. We conclude there was sufficient evidence for the jury to find that Samaniego compelled the victim to submit to a sexual act by force as required under N.D.C.C. § 12.1-20-03(1)(a).

B

[¶11] Samaniego argues the location of the conduct is an essential element of the offense. He contends the district court abused its discretion in not granting the motion for acquittal because there was no evidence presented that the crime occurred in Cass County.

[¶12] Section 12.1-01-03(1), N.D.C.C., sets forth the elements of an offense as follows:

> a. The forbidden conduct;
> b. The attendant circumstances specified in the definition and grading of the offense;
> c. The required culpability;
> d. Any required result; and
> e. The nonexistence of a defense as to which there is evidence in the case sufficient to give rise to a reasonable doubt on the issue.

Although the district court instructed the jury to determine if the offense occurred in Cass County, the location of the conduct is not an essential element of the offense under the statutory language in N.D.C.C. § 12.1-01-03(1). The location of the crime relates to the appropriate venue for trial of the offense. The North Dakota Rules of Criminal Procedure, Rule 18, confers venue for a criminal trial "in the county where the offense was committed[.]" "An act in furtherance of the crime that occurs in a county confers jurisdiction for trial of that crime in that county." *State v. Martinsons*, 462 N.W.2d 458, 460 (N.D. 1990) (citing *State v. Patten*, 353 N.W.2d 26 (N.D. 1984)).

[¶13] The evidence presented at trial included the testimony of three Fargo police officers regarding their investigation. Snapchat geolocation data was also introduced, which placed Samaniego and the victim in Cass County on the evening and early morning hours that the crime occurred. Samaniego also failed to assert, prior to trial, there had been a defect in the prosecution based on an improper venue as required by our rules governing criminal procedure. N.D.R.Crim.P. 12(b)(3)(A)(i). Regardless of whether the district court properly included the location of Samaniego's act as a required finding of the jury, there is sufficient evidence that acts in furtherance of the crime occurred in Cass County.

III

[¶14] Samaniego argues the State engaged in prosecutorial misconduct by questioning law enforcement about whether he had been interviewed. The following exchange occurred at trial:

4

THE STATE: Throughout the course of your investigation, did you at any point interview the Defendant?
DETECTIVE HANSON: I attempted to interview the Defendant.
MS. BRAINARD: Your Honor, this is beyond the scope of redirect again.
THE COURT: What was the question again?
THE STATE: Whether the Detective interviewed the Defendant at any point.
THE COURT: This is beyond the scope of direct and cross. Sustained.
THE STATE: That's all I have. Thank you.

[¶15] Samaniego objected asserting the question was outside the scope of redirect. He did not assert a violation of his right to remain silent. Rule 103, N.D.R.Evid., provides that:

(a) Preserving a Claim of Error. A party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party and:
    (1) if the ruling admits evidence, a party, on the record:
        (A) timely objects or moves to strike; and
        (B) states the specific ground, unless it was apparent from the context; . . . .

This Court has held the following:

A party must make a specific objection to evidence at the time it is offered for admission into evidence to give the opposing party an opportunity to argue the objection and attempt to cure the defective foundation, and to give the trial court an opportunity to fully understand the objection and appropriately rule on it.

*May v. Sprynczynatyk*, 2005 ND 76, ¶ 26, 695 N.W.2d 196. The district court did not have the opportunity to rule on the issue of whether the question was a violation of Samaniego's right to remain silent. We conclude the objection on outside the scope of redirect did not preserve the issue of whether the State's question violated Samaniego's right to remain silent.

[¶16] When prosecutorial misconduct is raised for the first time on appeal, this Court reviews for obvious error. *State v. Vondal*, 2011 ND 186, ¶ 12, 803 N.W.2d

578. Samaniego has not argued that the State's question was obvious error. We decline to engage in an unassisted search of the record for obvious error without such an argument. *See Interest of Buller*, 2020 ND 270, ¶ 17, 952 N.W.2d 106. We conclude the issue of prosecutorial misconduct was not sufficiently preserved for appeal or argued on appeal.

IV

[¶17] There was sufficient evidence for the jury to find Samaniego guilty of gross sexual imposition and the issue of prosecutorial misconduct was not sufficiently preserved for appeal or argued on appeal. We affirm.

[¶18] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte