# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 108

Bejan David Etemad,                                     Petitioner and Appellant

> v.

State of North Dakota,                                  Respondent and Appellee

## No. 20220373

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable John A. Thelen, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Bejan D. Etemad, Seattle, WA, self-represented, petitioner and appellant.

Ashlei A. Neufeld, Assistant State's Attorney, Grand Forks, ND, for respondent and appellee; submitted on brief.

**Etemad v. State**
**No. 20220373**

**McEvers, Justice.**

[¶1]   Bejan Etemad appeals from a district court's order summarily dismissing his application for post-conviction relief. On appeal, Etemad argues the district court erred by dismissing his application because he has not previously raised similar issues on post-conviction and by failing to give him notice prior to dismissal. We affirm.

I

[¶2]   Etemad was found guilty of terrorizing following a jury trial in November 2017. His conviction for terrorizing was affirmed on appeal. *State v. Etemad*, 2018 ND 240, 919 N.W.2d 192. Etemad brought an application for post-conviction relief which included the underlying terrorizing conviction. Following an evidentiary hearing, an order denying his application for post-conviction relief was entered. The decision was appealed and affirmed. *Etemad v. State*, 2022 ND 81, ¶ 1, 972 N.W.2d 928.

[¶3]   In November 2022, Etemad filed another application for post-conviction relief. He alleged reversible error occurred in the jury selection process, and requested transcripts from the jury selection be reviewed by legal counsel. On December 1, 2022, before the State filed an answer, the district court summarily dismissed Etemad's application for post-conviction relief. The court found Etemad's application for post-conviction relief was meritless, a misuse of process, and untimely.

II

[¶4] On appeal, Etemad argues the district court erred in summarily dismissing his application because he has not previously raised the alleged error in jury selection. Etemad also argues the court erred when it summarily dismissed his application for post-conviction relief without affording him notice and an opportunity to support his application.

[¶5] Under N.D.C.C. § 29-32.1-09(1), the district court may summarily dismiss a meritless application sua sponte before the State responds. *Atkins v. State*, 2021 ND 83, ¶ 8, 959 N.W.2d 588. The second sentence of N.D.C.C. § 29-32.1-09(1) provides: "The court also may summarily deny a second or successive application for similar relief on behalf of the same applicant and may summarily deny any application when the issues raised in the application have previously been decided by the appellate court in the same case." We have explained that summary dismissal of an application before the State responds "is analogous to dismissal of a civil complaint under N.D.R.Civ.P. 12(b) for failure to state a claim upon which relief can be granted." *Chase v. State*, 2017 ND 192, ¶ 6, 899 N.W.2d 280 (cleaned up). The court on its own initiative, and cautiously exercising its discretion, may dismiss a complaint for failure to state a claim, but should only do so when it appears beyond doubt that no set of facts support the claim. *Patten v. Green*, 397 N.W.2d 458, 459 (N.D. 1986). The requirements for an application for post-conviction relief are set forth in N.D.C.C. § 29-32.1-04(1), which provides:

> The application must identify the proceedings in which the applicant was convicted and sentenced, give the date of the judgment and sentence complained of, *set forth a concise statement of each ground for relief, and specify the relief requested*. Argument, citations, and discussion of authorities are unnecessary.

(emphasis added). We have also said a petitioner does not have to provide evidence or proof with his application. *Vandeberg v. State*, 2003 ND 71, ¶ 4, 660 N.W.2d 568. The standard of review for a Rule 12(b)(6) dismissal is well established:

> On appeal from a dismissal under N.D.R.Civ.P. 12(b)(6), we construe the complaint in the light most favorable to the plaintiff and accept as true the well-pleaded allegations in the complaint. A district court's decision granting a Rule 12(b)(6) motion to dismiss a complaint will be affirmed if we cannot discern a potential for proof to support it. We review a district court's decision granting a motion to dismiss under N.D.R.Civ.P. 12(b)(6) de novo on appeal.

*Curtiss v. State*, 2020 ND 256, ¶ 4, 952 N.W.2d 43 (cleaned up). In *Chisholm v. State*, we stated, "[w]hen the court considered matters outside the pleading in summarily dismissing an application on its own motion, we have treated the court's summary dismissal as a summary judgment and held the procedural requirements apply." 2014 ND 125, ¶ 12, 848 N.W.2d 703; *see also Van Chase v. State*, 2019 ND 214, ¶ 8, 932 N.W.2d 529. The procedural requirements include that an applicant be given notice and an opportunity to submit evidence before the court determines a claim is meritless. *Chisholm,* 2014 ND 125, ¶ 14. However, we have also stated that in deciding a motion under Rule 12(b)(6), courts "may consider, in addition to the pleadings, materials embraced by the pleadings and materials that are part of the public record, without converting the motion to a summary judgment under Rule 56." *Krile v. Lawyer*, 2020 ND 176, ¶ 13, 947 N.W.2d 366 (cleaned up).

[¶6] In this case, the district court summarily dismissed Etemad's application before the State responded. The district court held Etemad had not alleged any facts to support his claim, which would appear to be a dismissal under N.D.R.Civ.P. 12(b)(6). It is clear from the district court's order that the court relied on the record and its knowledge of Etemad's case and prior post-conviction application in denying this application because it expressly referenced Etemad's prior application and outcome from his prior appeal. Under N.D.R.Ev. 201(b), a court may judicially notice a fact not subject to reasonable dispute if it "is generally known within the trial court's territorial jurisdiction," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A court "may take judicial notice on its own." N.D.R.Ev. 201(c)(1). *See also Steen v. State*, 2007 ND 123, ¶ 23, 736 N.W.2d 457 (discussing the district court taking judicial notice of prior applications for post-conviction relief considered by the district court and this Court).

[¶7] Etemad's application alleges the following grounds: "the jury selection has issues and ETEMAD believes reversible error was part of the proceedings. ETEMAD requests the selection transcripts be made available for review by legal counsel." Etemad's requested relief in his application was a new trial. Etemad's application fails to provide a concise statement of any ground for

relief. Rather, he alleges an unspecified error and a request to further investigate a potential claim. Post-conviction relief is not a device for investigating possible claims, rather they are intended to vindicate actual claims. *Davis v. State,* 2013 ND 34, ¶ 15, 827 N.W.2d 8 (citations omitted). Post-conviction cases are also not intended to be an opportunity to relitigate issues. *Id.* The district court did not err in denying Etemad's second application for post-conviction relief under N.D.C.C. § 29-32.1-09(1) prior to the State responding because his application on its face was meritless when he failed to provide a concise statement indicating adequate grounds for relief or allege any facts to support his claims.

## III

[¶8] We have considered the remaining issues and arguments raised by Etemad and conclude them to be either without merit or unnecessary to our decision. The district order is affirmed.

[¶9]  Jon J. Jensen, C.J.
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte
      Douglas A. Bahr