# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2026 ND 59

Ibrahim Ahmed Mohammed,  Petitioner and Appellant

v.

State of North Dakota,  Respondent and Appellee

## No. 20250331

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Constance L. Cleveland, Judge.

AFFIRMED.

Opinion of the Court by Fair McEvers, Chief Justice, in which Justices Crothers, Tufte, Jensen, and Bahr joined. Justice Bahr filed an opinion concurring specially, in which Justice Crothers joined.

Jamie L. Schaible, Fargo, ND, for petitioner and appellant; submitted on brief.

Nicholas S. Samuelson, Assistant State's Attorney, Fargo, ND, for respondent and appellee; submitted on brief.

**Fair McEvers, Chief Justice.**

[¶1]   Ibrahim Mohammed appeals from orders summarily dismissing his application for postconviction relief and denying his motion to reconsider the application. We affirm.

I

[¶2]   In May 2019, Mohammed was found guilty of gross sexual imposition following a bench trial. He appealed his conviction on direct appeal, and this Court affirmed. *State v. Mohammed*, 2020 ND 52, 939 N.W.2d 498. In February 2021, Mohammed applied for postconviction relief. The district court denied his application in September 2023 following an evidentiary hearing. He appealed the order denying his application, and this Court affirmed. *Mohammed v. State*, 2024 ND 111, 7 N.W.3d 307.

[¶3]   In June 2025, Mohammed filed his second application for postconviction relief. Before the State could respond, the district court summarily dismissed the application. Mohammed filed a motion requesting the court reconsider his application. The court denied the motion, and Mohammed appealed.

II

[¶4]   Mohammed argues the district court erred by summarily dismissing his application without an evidentiary hearing because newly discovered evidence existed. Mohammed also argues the court failed to address one of the two allegations of newly discovered evidence. The State argues Mohammed's application is barred by res judicata and the statute of limitations.

[¶5]   "Under N.D.C.C. § 29-32.1-09(1), the district court may summarily dismiss a meritless application sua sponte before the State responds." *Etemad v. State*, 2023 ND 108, ¶ 5, 992 N.W.2d 1. When a court summarily dismisses an application before the State responds, the dismissal is treated as "analogous to dismissal of a civil complaint under N.D.R.Civ.P. 12(b) for failure to state a claim

upon which relief can be granted." *Greywind v. State*, 2015 ND 231, ¶ 7, 869 N.W.2d 746. A district court also "may summarily deny a second or successive application for similar relief on behalf of the same applicant and may summarily deny any application when the issues raised in the application have previously been decided by the appellate court in the same case." N.D.C.C. § 29-32.1-09(1). "The court on its own initiative, and cautiously exercising its discretion, may dismiss a complaint for failure to state a claim, but should only do so when it appears beyond doubt that no set of facts support the claim." *Etemad*, ¶ 5 (quoting *Patten v. Green*, 397 N.W.2d 458, 459 (N.D. 1986)).

[¶6] In *Atkins v. State*, we explained the standard of review for a Rule 12(b)(6) dismissal:

> On appeal from a dismissal under N.D.R.Civ.P. 12(b)(6), we construe the complaint in the light most favorable to the plaintiff and accept as true the well-pleaded allegations in the complaint. A district court's decision granting a Rule 12(b)(6) motion to dismiss a complaint will be affirmed if we cannot discern a potential for proof to support it. We review a district court's decision granting a motion to dismiss under N.D.R.Civ.P. 12(b)(6) de novo on appeal.

2021 ND 83, ¶ 9, 959 N.W.2d 588 (quoting *Curtiss v. State*, 2020 ND 256, ¶ 4, 952 N.W.2d 43).

[¶7] Mohammed's application for postconviction relief alleged newly discovered evidence which included photographs of the victim's clothing and a literacy test he alleges shows a learning disability diagnosis. His application asserted the photographs could have been used at trial for impeachment and credibility determinations and his learning disability diagnosis suggests he did not fully understand the criminal proceedings.

[¶8] In its order of summary dismissal, the district court stated:

> In the Application, Petitioner alleges the same issues that were litigated in the prior application for post-conviction relief, other than he now relies upon photos as opposed to issues concerning a video. An evidentiary hearing was convened, and the Court heard testimony on the issues and reviewed all relevant transcripts of

2

hearings and made detailed findings in the prior order denying relief. Post-conviction cases are not intended to be an opportunity to relitigate issues. . . . Additionally, the original conviction was in 2019. This motion was filed in June of 2025, well beyond the statutory time limit.

[¶9] Section 29-32.1-01(2), N.D.C.C., limits applications for postconviction relief to a two-year statute of limitations. However, a district court may consider an application beyond this two-year period if "[t]he petition alleges the existence of newly discovered evidence . . . which if proved and reviewed in light of the evidence as a whole, would establish that the petitioner did not engage in the criminal conduct for which the petitioner was convicted." N.D.C.C. § 29-32.1-01(3)(a)(1).

[¶10] When presented with applications for postconviction relief alleging newly discovered evidence outside of the two-year statutory limitation, district courts must apply the test set forth in *Bridges v. State*, 2022 ND 147, ¶¶ 12-13, 977 N.W.2d 718. The *Bridges* test requires: 1) the evidence must have been discovered since the defendant's trial; 2) the failure to discover the evidence sooner must not be the result of a lack of diligence on the defendant's part; 3) the evidence must be material to the issues at trial. *Id.* ¶ 12; *Gomez v. State*, 2025 ND 125, ¶ 9, 23 N.W.3d 728. In addition, the *Bridges* test instructs a district court to then apply the statutory requirement to determine, "if proved and reviewed in light of the evidence as a whole[,] the newly discovered evidence would establish that the petitioner did not engage in the criminal conduct for which the petitioner was convicted." *Bridges,* ¶ 13 (cleaned up) (citing N.D.C.C. § 29-32.1-01(3)(a)(1)).

[¶11] Here, the district court concluded the application was beyond the statutory time limit but did not analyze whether the photographs or Mohammed's alleged learning disability diagnosis constituted newly discovered evidence under the *Bridges* test. However, because the standard of review for summary dismissal is de novo, we independently analyze whether Mohammed's newly discovered evidence satisfies the test articulated in *Bridges*.

3

A

[¶12] Mohammed argues the newly discovered photographs show the clothing of the victim was not ripped, contrary to testimony at trial, and could have been used for impeachment and support his innocence. Mohammed does not argue the photographs would establish he did not engage in conduct constituting a gross sexual imposition. In applying the *Bridges* test—even if we assume 1) the photographs were discovered since the defendant's trial, 2) the failure to discover them sooner was not the result of a lack of diligence on Mohammed's part, and 3) the photographs would be material to the issues at trial—the photographs at issue do not meet the last prong of the test. Construing Mohammed's application in the light most favorable to him and accepting as true the well-pleaded allegations in the complaint, we conclude Mohammed's arguments, even if proved and reviewed in light of the evidence as a whole, do not satisfy the statutory requirement for competent admissible evidence that would establish Mohammed did not engage in the criminal conduct for which he was convicted. *See Bridges*, 2022 ND 147, ¶ 13 (stating prong 4 of newly discovered evidence test requires evidence to "establish that the petitioner did not engage in the criminal conduct for which the petitioner was convicted"); *Vogt v. State*, 2022 ND 163, ¶¶ 16-17, 978 N.W.2d 727 (concluding evidence did not satisfy newly discovered evidence test when alleged to show voluntariness of plea as opposed to defendant's innocence). Because our conclusion reaches the same result as the district court's decision, the court's failure to apply the correct test for the newly discovered photographs was harmless. N.D.R.Civ.P. 61; *Atkins*, 2021 ND 83, ¶ 11 (harmless error is "any error, defect, irregularity or variance which does not affect substantial rights," i.e., "error that is not prejudicial"). Because the photographs did not satisfy the requirements of the newly discovered evidence exception to the statute of limitations, the district court did not err in summarily dismissing Mohammed's application as untimely.

B

[¶13] In regard to the alleged newly discovered learning disability, Mohammed argues the diagnosis indicates his lack of understanding of the proceedings. He argues the disability would have been present at trial or the commission of the

4

offense, but was not known until October 2023. He further argues that, because the district court did not address this issue in its orders, we must reverse and remand for him to properly present his new evidence.

[¶14] We agree the district court did not address Mohammed's argument on this issue other than to say his application was beyond the statutory time limit. In applying the *Bridges* test on de novo review—even if we assume 1) Mohammed has a learning disability that was discovered since the defendant's trial,[1] 2) the failure to discover the learning disability sooner was not the result of a lack of diligence on Mohammed's part, and 3) his learning disability would be material to the issues at trial—the alleged learning disability does not meet the last prong of the test. Mohammed has not articulated how his alleged learning disability establishes he did not engage in the criminal conduct for which he was convicted. He has not argued that the alleged learning disability precluded him from timely asserting an application for relief under N.D.C.C. § 29-32.1-01(3)(a)(2). Construing Mohammed's application in the light most favorable to him and accepting as true the well-pleaded allegations in the application, we conclude Mohammed's arguments do not satisfy the statutory requirement for competent admissible evidence establishing he did not engage in the criminal conduct for which he was convicted. Because the learning disability did not satisfy the requirements of the newly discovered evidence exception to the statute of limitations, the court did not err in summarily dismissing Mohammed's application as untimely.

[¶15] No separate argument has been made on appeal that the district court abused its discretion in denying Mohammed's motion for reconsideration of the summary dismissal of his application for postconviction relief. We therefore affirm the order.

---

[1]Attached to Mohammed's application was a copy of the Woodcock Johnson IV test administered by the North Dakota Department of Corrections. It appears this test is a literacy test and does not mention a learning disability diagnosis.

### III

[¶16] We have considered Mohammed's remaining arguments and conclude they are either unnecessary for our decision or are without merit. We affirm the orders summarily dismissing his application for postconviction relief and denying his motion to reconsider the application.

[¶17] Lisa Fair McEvers, C.J.
Daniel J. Crothers
Jerod E. Tufte
Jon J. Jensen
Douglas A. Bahr

**Bahr, Justice, concurring specially.**

[¶18] I join the majority opinion based on the limited issues raised by Mohammed on appeal. Specifically, Mohammed did not argue the district court erred by not giving him notice and the opportunity to respond before it dismissed the postconviction relief application on its own motion. I continue in my position that "a district court must give an applicant notice and the opportunity to respond before it summarily dismisses a postconviction relief application on its own motion." *Aune v. State*, 2024 ND 99, ¶ 59, 6 N.W.3d 833 (Bahr, J., dissenting).

[¶19] Daniel J. Crothers
Douglas A. Bahr

6