**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Reginald FOARD, Defendant and Appellant.**

**Cr. No. 1030.**

Supreme Court of North Dakota.

Oct. 23, 1984.

Tom P. Slorby, State's Atty., Minot, for plaintiff and appellee; argued by John P. Van Grinsven, Asst. State's Atty., Minot.

Teevens, Johnson & Montgomery, Minot, for defendant and appellant; argued by Kent L. Johnson, Minot.

SAND, Justice.

Reginald Foard (Foard) was charged with sexually molesting his five-year-old natural daughter (Nancy, a pseudonym). Foard waived a jury trial and the matter was tried before the court. At trial Nancy testified that when the alleged incident occurred she was wearing pajamas and Foard had touched her by placing his hand up her pajama leg. An employee of Ward County Social Services, which had possession of the pajamas, testified the pajama pant legs were extremely baggy, but the pajamas were not introduced into evidence in the State's case in chief. Following the conclusion of Foard's defense case the judge inquired whether or not the State intended to introduce the pajamas into evidence in its rebuttal. The pajamas were subsequently put into evidence, over Foard's objection, during the State's rebuttal.

On appeal Foard contended the judge abused his discretion by suggesting the State introduce the pajamas into evidence. Foard maintained that after the State rested its case a reasonable doubt existed in the judge's mind whether or not the pajamas were sufficiently loose fitting to allow Foard to place his hand up the leg. Because a reasonable doubt existed, Foard argued it was therefore a prejudicial abuse of discretion for the judge to suggest the introduction of the pajamas into evidence.

▮ Trial judges, in jury and bench trials, must be allowed, and even encouraged, sua sponte, to clarify testimony and ferret out elusive facts. *State v. Lind*, 322 N.W.2d 826, 840 (N.D.1982); *State v. Yodsnukis*, 281 N.W.2d 255, 260 (N.D.1979). This authority existed at common law, *Yodsnukis, supra* at 260, n. 7, and continues under North Dakota Rule of Evidence 614, which allows a judge to call and interrogate witnesses. Generally, when presiding over a trial a judge is not merely a moderator but has active duties to perform without partiality in seeing the truth is developed. It is a judge's duty in the exercise of sound discretion to elicit relevant and material evidence and this duty cannot be discharged by remaining inert. *Miller v. Miller*, 79 N.D. 161, 167, 55 N.W.2d 218, 221 (1952).

However, a judge's authority to unilaterally elicit evidence is not unbounded but is tempered by the requirement that a judge at all times remain impartial. *State v. Olson*, 244 N.W.2d 718, 722 (N.D. 1976). A judge may not be a partisan advocate for either side and in conducting a trial must respect the traditional rules and concepts which guaranty the defendant's right to a fair trial. Generally, a judge in a jury case may not comment on the credibility of the evidence. This also applies to any comment on the evidence in a jury case. *Lind, supra;* U.S. Const. Amend. 6; N.D. Const. Art. I, § 13. Therefore, a judge's conduct will be unduly prejudicial to a defendant, and consequently an abuse of discretion, when a judge abandons a properly judicious role and assumes that of advocate. *Olson, supra; Yodsnukis, supra.*

Here Foard argued the trial judge relinquished his impartiality in suggesting the State introduce the pajamas into evidence. However, the record does not establish the judge in fact made such a suggestion. After the State had cross-examined Foard the following colloquy between the court, defense counsel, Mr. Teevens, and the State's Attorney, Mr. Van Grinsven, occurred:

"THE COURT: Okay, I have nothing further, sir, you may return to your seat.

"(Witness excused.)

"MR. TEEVENS: We rest, Your Honor.

"THE COURT: Any rebuttal?

"MR. VAN GRINSVEN: Your Honor, could we perhaps come back at 12:45 and I could indicate to the court whether we would have rebuttal or not. If we do have rebuttal, I would anticipate it would be very short.

"THE COURT: There has been testimony about these pajamas. I will leave it up to counsel as far as whether he wants to do it, but I think Mrs. Sartwell at one time said they are available.

"MR. VAN GRINSVEN: Mrs. Heilman.

"THE COURT: I recall the demonstration of [Nancy] on the doll and then there was testimony that the pajamas were baggy. I don't know if you feel it would be probative or not. Maybe foundation might be missing but if they are available.

"MR. VAN GRINSVEN: They are available.

"THE COURT: I will leave it up to you if you think you ought to try to introduce them.

"MR. TEEVENS: Your Honor, just for the record, I feel I have to object. I feel like the Court is telling counsel how to run their case. I can appreciate some of the Court's concerns but I would also further object to a statement by the court in questioning Mr. Foard that Linda Sartwell had testified that [Nancy] was wearing those pajamas. My recollection of the testimony is that—specifically was that Linda Heilman stated that it was [Nancy] who told her and Linda Sartwell indicated she didn't know.

"THE COURT: Okay, I am not sure. Anyway your objection—I understand your objection, Mr. Teevens, and it is noted. But what is proposed by the State is to take a recess at this point. Take an early lunch break and come back in one hour."

The discussion set out above indicates that the judge merely inquired if the pajamas would be introduced into evidence. The inquiry by itself could be suggestive but the court followed this by a further statement. Twice he stated he "would leave it up to counsel" to put the pajamas into evidence. The record does not show the judge requested or suggested the State place the pajamas into evidence.

Foard has cited no authority to support his contention that such conduct by the judge was a partisan abuse of discretion. Foard's argument the judge had a reasonable doubt concerning his guilt at the close of the State's case, and therefore demonstrated his prejudice by inquiring about the

pajamas, is mere speculation.[1] Finally, it is important to note that this was a bench trial and consequently there was no jury to be unduly influenced by the judge's conduct. *Cf. Yodsnukis, supra; State v. Hazlett*, 14 N.D. 490, 105 N.W. 617, 619 (1905).

We find no abuse of discretion by the trial court and no undue prejudice to Foard. Accordingly, the judgment of the trial court is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, PEDERSON and GIERKE, JJ., concur.

---

1. It is a simple matter to engage in some alternative speculation. Foard testified that on the night of the alleged incident he recalled Nancy was wearing a gown and not pajamas. Common sense indicates it would be simpler to place one's hand up a gown than up a pant leg. Therefore, it is difficult to believe the judge had a reasonable doubt that Ford had touched Nancy in the manner she described.