# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 199

State of North Dakota,                                            Plaintiff and Appellee

v.

Zhiwar Ismail,                                              Defendant and Appellant

### Nos. 20220092 & 20220093

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Wade L. Webb, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Derek K. Steiner (argued) and Tanner Langley (on brief), third year law student, under the Rule of Limited Practice of Law by Law Student, Assistant State's Attorney, Fargo, ND, for plaintiff and appellee.

Elizabeth B. Brainard, Fargo, ND, for defendant and appellant.

## State v. Ismail
## Nos. 20220092 & 20220093

**Crothers, Justice.**

[¶1]   Zhiwar Ismail appeals from two criminal judgments after the district court found him guilty of possession of a controlled substance and delivery of a controlled substance. We affirm.

### I

[¶2]   On March 9, 2021, police were dispatched to assist with an unconscious female. The female admitted to snorting a M30 Fentanyl pill in the early hours of March 9, 2021. She stated she bought the pill from an Arabic male in his 20s. On March 24, 2021, the female identified Zhiwar Ismail during a photo lineup as the individual who sold her the pill. On April 6, 2021, Detective Bret Witte executed a search warrant on Ismail's apartment and seized two Gabapentin pills and one Clonazepam pill. Ismail was charged with possession and delivery of a controlled substance. A consolidated bench trial was held on February 22, 2022, and Ismail was found guilty of both charges.

### II

[¶3]   Ismail claims ineffective assistance of counsel based on his attorney's failure to make a motion of acquittal under N.D.R.Crim.P. 29, waiving an opening statement and failing to make certain objections. Ineffective assistance of counsel claims generally should be brought in postconviction relief proceedings instead of on direct appeal. *DeCoteau v. State*, 1998 ND 199, ¶ 7, 586 N.W.2d 156. This allows the parties to fully develop a record on the issue of counsel's performance and its impact on the defendant's case. *Id.* We decline to address Ismail's ineffective assistance claims on direct appeal so he can bring them in a postconviction relief proceeding.

### III

[¶4]   Ismail argues the district court improperly questioned witnesses. During trial Ismail did not object to the judge's questioning of witnesses. When an issue raised on appeal is not objected to at trial, this Court reviews the claim

under the obvious error standard. *State v. Pemberton*, 2019 ND 157, ¶ 15, 930 N.W.2d 125. "To constitute obvious error, the error must be a clear deviation from an applicable legal rule under current law." *Id.* at ¶ 8.

[¶5] A district court has authority under N.D.R.Ev. 614(b), to examine a witness. A district court's questioning of a witness conforming with legal authority is, by definition, not a clear deviation from the applicable legal rule. Therefore, the judge's mere act of questioning witnesses is not obvious error.

[¶6] Our cases apply N.D.R.Ev. 614, explaining trial judges are encouraged to clarify testimony and ferret out elusive facts. *State v. Foard*, 355 N.W.2d 822, 823 (N.D. 1984). While presiding over a bench trial, a judge "has active duties to perform without partiality in seeing the truth is developed." *Id.* "It is a judge's duty in the exercise of sound discretion to elicit relevant and material evidence and this duty cannot be discharged by remaining inert." *Id.* We cautioned however that trial judges must remain impartial. *Id.* at 824. "[A] judge's conduct will be unduly prejudicial to a defendant, and consequently an abuse of discretion, when a judge abandons a properly judicious role and assumes that of advocate." *Id.*

[¶7] This Court may consider several factors in evaluating whether the judge's questioning comported with N.D.R.Ev. 614, including:

> "[W]hether the witnesses' testimony needed clarification, whether the witnesses were unusually hesitant and in need of assurance, whether the court used leading questions, whether the court interfered with cross-examination, whether the court's interruptions favored one side exclusively, . . . whether the parties were being adequately represented, and whether an objection to the questioning was made."

*State v. Yodsnukis*, 281 N.W.2d 255, 261 (N.D. 1979).

[¶8] Here, the district court questioned three out of four witnesses. Most of the questions were for clarification and did not favor either party, although some answers generated by the judge's questions arguably were more favorable to the State than to Ismail. But Ismail does not allege the court's examination

of witnesses prevented him from presenting his case or from asking those witnesses additional questions. Nor does the record reflect the court interfered with cross-examination, interfered with one side more than the other, or that Ismail objected to the court's questioning of witnesses, as permitted under N.D.R.Ev. 614(c) (allowing a party to object to a court's examination of a witness). Therefore, after reviewing the entire record, we conclude the district court did not obviously err by examining witnesses.

IV

[¶9]   Ismail argues the weight and sufficiency of the evidence was insufficient for a conviction.

[¶10] Weight and sufficiency of the evidence are distinct concepts. *State v. Yineman*, 2002 ND 145, ¶ 8, 651 N.W.2d 648. There, we explained:

> "In *State v. Himmerick*, 499 N.W.2d 568, 572 (N.D. 1993), we announced a departure from a well-established rule of law, which required any defendant to make a motion of acquittal under N.D.R.Crim.P. 29 to preserve an issue of sufficiency of the evidence for appellate review. We held the procedural requirement of making a motion for acquittal under N.D.R.Crim.P. 29 was unnecessary in bench trials, where a judge rather than a jury acts as factfinder. *Id.* Nonetheless, we expressly declared in *Himmerick* this new rule did not apply in civil cases, criminal jury cases, or 'challenges based on the weight of the evidence' as opposed to challenges based on the sufficiency of the evidence. *Id.*"

*Yineman*, ¶ 7.

A

[¶11] A court asked to consider whether the conviction rests upon insufficient evidence must view the evidence in a light most favorable to the verdict. *Yineman,* 2002 ND 145, ¶ 8; *City of Wahpeton v. Wilkie*, 477 N.W.2d 215, 217 (N.D. 1991) ("This case was heard by the court, not by a jury. However, the standard of review remains the same. On review we look to the evidence which is the most favorable to the verdict to determine if such evidence is sufficient to sustain that verdict.") (Internal citations omitted.) The conviction rests on

insufficient evidence if no rational factfinder could have found the defendant guilty beyond a reasonable doubt. *Yineman*, ¶ 8.

[¶12] The defendant need not make a motion of acquittal under N.D.R.Crim.P. 29 to preserve a sufficiency of evidence claim in a bench trial. *Yineman,* 2002 ND 145, ¶ 7. The evidence here included testimony from the female who stated she knew Ismail through mutual friends, purchased pills from him before, and identified him as the individual who sold her the M30 Fentanyl pill on March 9, 2021. The district court also received testimony from police officers who stated controlled substances were found in Ismail's apartment where he lived alone, and the female identified Ismail in a photo lineup as the individual who sold her the pill. Viewing this evidence in the light most favorable to the verdict, a rational factfinder could have found the defendant guilty beyond a reasonable doubt. Therefore, sufficient evidence existed to convict Ismail of possession and distribution of controlled substances.

B

[¶13] A court asked to consider whether the weight of evidence was sufficient to support a conviction must evaluate the credibility of the evidence. *Yineman,* 2002 ND 145, ¶ 9. To preserve the issue of weight of the evidence for appellate review, a defendant must make a motion of acquittal under N.D.R.Crim.P. 29. Absent a Rule 29 motion, this Court reviews the issue under the obvious error standard. *Pemberton,* 2019 ND 157, ¶ 15.

[¶14] An obvious error exists when the district court clearly deviates from the applicable law. *Pemberton*, 2019 ND 157, ¶ 8. Here, Ismail did not move for acquittal under N.D.R.Crim.P. 29 based on weight of the evidence. Therefore, we must determine whether the district court obviously erred by finding the evidence at trial was credible.

[¶15] The evidence here included testimony from the female victim who stated she bought the pill from Ismail. The evidence also included testimony about the controlled substances found in Ismail's apartment from the police officer who searched those premises. Nothing on the face of this record prevented the district court from finding that the witnesses were credible or that the evidence

was reliable. Therefore, the court did not obviously err in convicting Ismail based on evidence produced at trial. *See Kruger v. Goossen,* 2021 ND 88, ¶ 6, 959 N.W.2d 847 ("In a bench trial, the district court is the determiner of credibility issues and we will not second-guess the district court on its credibility determinations.").

V

[¶16] The criminal judgments are affirmed.

[¶17] Jon J. Jensen, C.J.
  Gerald W. VandeWalle
  Daniel J. Crothers
  Lisa Fair McEvers
  Jerod E. Tufte