# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 119

State of North Dakota,                                         Plaintiff and Appellee

v.

Drew Adam Noble,                                         Defendant and Appellant

## Nos. 20220363 & 20220364

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Benjamen J. Johnson, Judge.

AFFIRMED IN PART, AND REVERSED AND VACATED IN PART.

Opinion of the Court by Bahr, Justice.

Nathan K. Madden, Assistant State's Attorney, Williston, ND, for plaintiff and appellee; submitted on brief.

Samuel A. Gereszek, Grand Forks, ND, for defendant and appellant.

**Bahr, Justice.**

[¶1]   Drew Noble appeals from criminal judgments and an amended criminal judgment entered after a jury convicted him of multiple counts. On appeal, Noble limits his issue to counts 12, 13, 14, and 15 in case no. 53-2021-CR-01142. He argues there is insufficient evidence to sustain the convictions on counts 12, 13, 14, and 15 of "Promoting or Directing an Obscene Sexual Performance by a Minor" in violation of N.D.C.C. § 12.1-27.2-03. The State concedes there is insufficient evidence on an element for these four "producing" counts. We reverse and vacate the convictions on counts 12, 13, 14, and 15 in case no. 53-2021-CR-01142. The convictions on the remaining counts in case nos. 53-2021-CR-01142 and 53-2022-CR-00217 are affirmed.

I

[¶2]   In August 2021, the State charged Noble with multiple charges, including four counts of promoting or directing an obscene sexual performance by a minor in violation of N.D.C.C. § 12.1-27.2-03, class A felonies. Noble was specifically charged with committing these offenses "on or about the months of June of 2020 through January of 2021."

[¶3]   In August 2022, the district court held a four-day jury trial. After the State rested its case, Noble moved for a judgment of acquittal under N.D.R.Crim.P. 29, including on counts 12 through 15, arguing the State failed to put on enough evidence to prove the elements and the counts should be dismissed. The court denied the motion. The jury subsequently returned guilty verdicts on the multiple counts, including the four "producing" counts at issue in this appeal.

II

[¶4]   This Court's standard for reviewing a sufficiency-of-the-evidence challenge is well established:

When the sufficiency of evidence to support a criminal conviction is challenged, this Court merely reviews the record to determine if there is competent evidence allowing the jury to draw an inference reasonably tending to prove guilt and fairly warranting a conviction. The defendant bears the burden of showing the evidence reveals no reasonable inference of guilt when viewed in the light most favorable to the verdict. When considering insufficiency of the evidence, we will not reweigh conflicting evidence or judge the credibility of witnesses. . . . A jury may find a defendant guilty even though evidence exists which, if believed, could lead to a verdict of not guilty.

*State v. Dahl*, 2022 ND 212, ¶ 5, 982 N.W.2d 580 (quoting *State v. Nakvinda*, 2011 ND 217, ¶ 12, 807 N.W.2d 204).

III

[¶5]   Noble argues there is insufficient evidence to sustain a conviction on counts 12, 13, 14, and 15 of Promoting or Directing an Obscene Sexual Performance by a Minor in violation of N.D.C.C. § 12.1-27.2-03. Section 12.1-27.2-03, N.D.C.C., provides: "A person is guilty of a class A felony if, knowing the character and content of a performance, that person produces, directs, or promotes any obscene performance which includes sexual conduct by a person who was a minor at the time of the performance."

[¶6]   In the closing jury instructions, the district court provided the following elements the State was required to prove for the producing counts:

1) On or between *the months of June 2020 through January of 2021*, in Williams County, North Dakota, the Defendant, Drew Adam Noble;
2) Knowing the character and content of a performance;
3) Produced, directed, or promoted any obscene performance which included sexual conduct by a person who was a minor at the time of the performance. . . .

(Emphasis added.)

[¶7]   Generally, "[u]nchallenged jury instructions become the law of the case." *State v. Friesz*, 2017 ND 177, ¶ 37, 898 N.W.2d 688 (quoting *State v. Rogers*,

2

2007 ND 68, ¶ 10, 730 N.W.2d 859). "[A]n erroneous date in the criminal complaint or information is not reversible error unless the date is an essential element of the crime charged[.]" *City of W. Fargo v. Hawkins*, 2000 ND 168, ¶ 10, 616 N.W.2d 856. The date is an essential element of the crime if the conduct would not be a crime if it occurred on the date alleged in the complaint. *Id.* at ¶ 12.

[¶8] At trial, the State elicited testimony from the victim on when the offending four videos at issue had been created. The victim testified the videos were created when she had visited in August 2019, when she would have been "17, going on 18."

[¶9] Noble argues the victim's testimony establishes she would not have been a minor between June 2020 and January 2021 and the State elicited no evidence of Noble distributing or uploading the video files. Noble concedes the State proved possession of these videos between June 2020 and January 2021, but he contends the State did not charge Noble with producing, directing, or promoting the material "on or about August 2019." In response, the State concedes the "producing" counts have an incorrect date and the counts did not reflect the dates on which Noble produced the materials.

[¶10] On this record, there is insufficient evidence regarding the "producing" counts 12, 13, 14, and 15. It is undisputed the evidence at trial establishes the victim was not a minor and the materials were not produced "[o]n or between the months of June 2020 through January of 2021," as Noble was charged and the jury was instructed. We reverse and vacate the convictions on counts 12, 13, 14, and 15 in case no. 53-2021-CR-01142. The convictions on the remaining counts in case nos. 53-2021-CR-01142 and 53-2022-CR-00217 are affirmed.

IV

[¶11] The amended criminal judgment in case no. 53-2021-CR-01142 is reversed and vacated as to the convictions on counts 12, 13, 14, and 15. The convictions on the remaining counts in case nos. 53-2021-CR-01142 and 53-2022-CR-00217 are affirmed.

[¶12] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr