# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2023 ND 223

State of North Dakota,                                    Plaintiff and Appellee

    v.

Danial Ray Curtis,                                    Defendant and Appellant

### No. 20230182

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Constance L. Cleveland, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Brianna K. Kraft, Assistant State's Attorney, Fargo, ND, for plaintiff and appellee; submitted on brief.

Laura C. Ringsak, Bismarck, ND, for defendant and appellant; submitted on brief.

**McEvers, Justice.**

[¶1]   Danial Ray Curtis appeals from a criminal judgment convicting him of unauthorized use of personal identifying information. Curtis argues there was insufficient evidence to support the conviction. We affirm.

I

[¶2]   On June 15, 2022, Curtis was charged with unauthorized use of personal identifying information. A bench trial was held on May 30, 2023, at which Curtis represented himself.

[¶3]   At trial, a bank teller testified Curtis entered the bank where she worked and produced a check for cashing. The teller testified she noticed the following "red flags" on the check: the amount was exactly $10,000, when over that amount required additional paperwork; Curtis's name was misspelled "Daniel" instead of "Danial"; the signor—Krystal Foster—did not match the names of the account holders and was not authorized on the account; the account had been closed for at least a year; the check number was low; and the check was dated March 2022, but Curtis presented it in May 2022. The teller testified she called the bank manager to verify the check. The bank manager testified to noticing the same red flags, and contacted J.H., the account holder, to see if she had authorized the check. He further testified that he asked Curtis where he got the check, and Curtis told him it was a pre-payment of rent and repair from some of his tenants, but did not give any names of the tenants. Both the teller and the bank manager testified that they informed Curtis of the bank's policy that prohibited verifying funds of a check and told Curtis they would not proceed with his request to verify or cash the check.

[¶4]   J.H. testified she received a call from the bank manager asking if she knew Curtis or Foster and informing her that a check from her closed account was attempting to be cashed. J.H. recounted her conversation with the bank manager, stating she did not know Curtis or Foster and would not have given

either of them authorization to use her account. J.H. testified that she had thrown away the checks after closing the account. When presented with the check at trial, she recognized it as associated with her old account and confirmed the account had been closed approximately five years ago.

[¶5] In his defense, Curtis called his friend, Jolanda Anderson, as a witness. She testified she drove Curtis to the bank to verify the check because neither she nor Curtis believed the check was valid. At trial, she recalled Curtis telling her he was not going to deposit the check into his account because he did not want to be charged an overdraft fee as he believed the check was bad. She testified generally that Curtis was not attempting to cash the check, but was only attempting to see if the check was valid.

[¶6] Based on the evidence presented, the district court found beyond a reasonable doubt that Curtis willfully presented a check in the amount of $10,000 to cash. The court found Curtis guilty of unauthorized use of personal identifying information "to obtain money without the authorization or consent of the holder of the account, and the value of the money exceeded $1,000." Criminal judgment was entered on May 30, 2023, and later amended to correct a clerical error. Curtis timely appeals.

## II

[¶7] Curtis argues there was insufficient evidence to support a conviction.

[¶8] "A court asked to consider whether the conviction rests upon insufficient evidence must view the evidence in a light most favorable to the verdict." *State v. Ismail*, 2022 ND 199, ¶ 11, 981 N.W.2d 896 (citing *State v. Yineman*, 2002 ND 145, ¶ 8, 651 N.W.2d 648). "The conviction rests on insufficient evidence if no rational factfinder could have found the defendant guilty beyond a reasonable doubt." *Id.* (citing *Yineman*, at ¶ 8). We review a criminal trial before the district court without a jury under the same standard as a criminal trial with a jury. *State v. Rufus*, 2015 ND 212, ¶ 6, 868 N.W.2d 534.

> This Court merely reviews the record to determine if there is competent evidence allowing the jury to draw an inference reasonably tending to prove guilt and fairly warranting a conviction. The defendant bears the burden of showing the evidence reveals no reasonable inference of guilt when viewed in the light most favorable to the verdict. When considering insufficiency of the evidence, we will not reweigh conflicting evidence or judge the credibility of witnesses.

*State v. Doll*, 2012 ND 32, ¶ 21, 812 N.W.2d 381 (cleaned up). In a bench trial, the defendant is not required to make a motion for acquittal under N.D.R.Crim.P. 29 to preserve a sufficiency of the evidence claim. *Ismail*, at ¶ 12 (citing *Yineman*, at ¶ 7).

[¶9] Section 12.1-23-11(2), N.D.C.C., governs the unauthorized use of personal identifying information, stating:

> An individual is guilty of an offense if the individual obtains or attempts to obtain, transfers, records, or uses or attempts to use any personal identifying information of another individual, living or deceased, to obtain credit, money, goods, services, or anything else of value without the authorization or consent of the other individual. The offense is a class B felony if the credit, money, goods, services, or anything else of value exceeds one thousand dollars in value, otherwise the offense is a class C felony.

Personal identifying information includes "[a]n individual's financial institution account number, credit card number, or debit card number." N.D.C.C. § 12.1-23-11(1)(i).

[¶10] "If a statute or regulation thereunder defining a crime does not specify any culpability and does not provide explicitly that a person may be guilty without culpability, the culpability that is required is willfully." N.D.C.C. § 12.1-02-02(2). Willful conduct is when the person "engages in the conduct intentionally, knowingly, or recklessly." N.D.C.C. § 12.1-02-02(1)(e). Section 12.1-02-02(1), N.D.C.C., further defines these culpability levels:

3

a. "Intentionally" if, when he engages in the conduct, it is his purpose to do so.

b. "Knowingly" if, when he engages in the conduct, he knows or has a firm belief, unaccompanied by substantial doubt, that he is doing so, whether or not it is his purpose to do so.

c. "Recklessly" if he engages in the conduct in conscious and clearly unjustifiable disregard of a substantial likelihood of the existence of the relevant facts or risks, such disregard involving a gross deviation from acceptable standards of conduct, except that, as provided in section 12.1-04-02, awareness of the risk is not required where its absence is due to self-induced intoxication.

A

[¶11] Curtis argues there was insufficient evidence presented on the source of the check, that he intended to endorse the check, that he knew the signor was not authorized on the account, and that he willfully presented the check for cashing.

[¶12] The district court made several findings of fact, ultimately finding Curtis intentionally presented the check to obtain money without the authorization or consent of the account holder and violated N.D.C.C. § 12.1-23-11. The court was not required to make findings of fact, it only needed to find the defendant guilty or not guilty. *Rufus*, 2015 ND 212, ¶ 9 (relying on *State v. Berger,* 235 N.W.2d 254, 263 (N.D. 1975)). This Court is not limited to the reasons given by the trial court for a finding of guilt, rather we consider the entire record to determine whether substantial evidence exists to support the conviction. *Id.* The evidence presented addressed each element of the unauthorized use of personal identifying information under N.D.C.C. § 12.1-23-11. Viewed in the light most favorable to the verdict, the evidence presented at trial showed Curtis entered the bank with the purpose of obtaining money through the use of J.H.'s personal information—the check with her name and account number associated with her bank account—without her authorization or consent. Although Anderson's testimony conflicts with the State's witnesses regarding Curtis's intent to cash the check, this Court does not reweigh

4

conflicting evidence or judge the credibility of the witnesses. *See Doll*, 2012 ND 32, ¶ 21.

[¶13] Viewing the evidence in the light most favorable to the verdict, a rational factfinder could have found Curtis guilty beyond a reasonable doubt. Therefore, sufficient evidence existed to convict Curtis of unauthorized use of personal identifying information.

## B

[¶14] Curtis also argues his conviction should be reversed because his prosecution in this case is contrary to the legislative intent of N.D.C.C. § 12.1-23-11. He argues the legislature only intended to criminalize and combat identity theft, rather than prosecuting individuals who are provided with a bad check. The State argues this issue should not be addressed on appeal because it was not raised to the district court.

[¶15] This issue is properly before this Court. *See State v. Castleman*, 2022 ND 7, ¶ 5, 969 N.W.2d 169 (citing *State v. O'Toole*, 2009 ND 174, ¶¶ 10-12, 773 N.W.2d 201) ("Where a claim of insufficient evidence is preserved for appeal, related issues of statutory interpretation are also preserved for appeal."). Curtis points to no language of N.D.C.C. § 12.1-23-11 that is ambiguous. Section 1-02-05, N.D.C.C., provides: "When the wording of a statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." *See State v. Houkom*, 2021 ND 223, ¶ 8, 967 N.W.2d 801 (concluding that to consider legislative history, this Court must first find the statute ambiguous). Because Curtis has not shown the statute is ambiguous, we decline to consider the legislative history.

## III

[¶16] Viewing the evidence in the light most favorable to the verdict, a rational factfinder could find Curtis guilty beyond a reasonable doubt of unauthorized use of personal identifying information. We conclude sufficient evidence existed to support the conviction.

[¶17] We affirm the criminal judgment.

[¶18] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr