# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 6

State of North Dakota,                    Plaintiff and Appellee

v.

Ibrahim Salou,                    Defendant and Appellant

## No. 20230196

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Tristan J. Van de Streek, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Jason H. Van Horn, Assistant State's Attorney, Fargo, N.D., for plaintiff and appellee.

Samuel A. Gereszek, Grand Forks, N.D., for defendant and appellant.

**Tufte, Justice.**

[¶1]   Ibrahim Salou appeals from a criminal judgment entered after a jury trial. He argues the district court erred by allowing improper Rule 404(b), N.D.R.Ev., evidence. He also argues insufficient evidence supports his conviction. We affirm the judgment.

I

[¶2]   Salou was charged with possession with intent to manufacture or deliver marijuana while in possession of a firearm, and unlawful possession of amphetamine. The State filed a notice of intent to present evidence under N.D.R.Ev. 404(b) describing digital evidence obtained from Salou's phone relating to his possession of controlled substances almost two months before the charged offense. When photographs and text messages from the phone were offered at trial, Salou's counsel objected on grounds of relevance, arguing the evidence from the photographs was not connected to the charge because the almost two-month lapse in time from the messages to the charged offense was too remote. The court found the messages were admissible as relevant evidence and noted it did not consider the messages to be 404(b) evidence. The district court overruled the objection.

[¶3]   The jury convicted Salou of possession with intent to manufacture or deliver a controlled substance while in possession of a firearm, and possession of a controlled substance. Salou appeals.

II

[¶4]   Salou argues the district court erred by admitting improper Rule 404(b) evidence. Our appellate rules require the appellant's brief to contain a concise statement of the applicable standard of review and a "citation to the record showing that the issue was preserved for review[] or a statement of grounds for seeking review of an issue not preserved." N.D.R.App.P. 28(b)(7)(B). In the statement of facts, the appellant's brief mentions an objection overruled by the

court, but without direct citation and in the context of describing a discussion on the record before opening statements where no evidence was offered and no objection was made.

[¶5] "One of the touchstones for an effective appeal on any proper issue is that the matter was appropriately raised in the trial court so it could intelligently rule on it." *State v. Thomas*, 2019 ND 194, ¶ 9, 931 N.W.2d 192 (quoting *Lemer v. Campbell*, 1999 ND 223, ¶ 16, 602 N.W.2d 686). If a party wishes to preserve a claim of error as it relates to the admissibility of evidence, it must, on the record, object or move to strike the evidence and state a specific ground for exclusion. N.D.R.Ev. 103(a)(1)(A)-(B).

[¶6] At trial, Salou objected to the relevance of the photographs and text messages, arguing they occurred outside the relevant time frame and the State had shown no connection to the charges. Salou also argued one exhibit was "more prejudicial than it is probative." The district court considered the evidence and found Rule 404(b) did not apply. Next, the court considered whether the evidence was relevant and concluded that the offered exhibits showed Salou was distributing marijuana, and further found the time lapse was not a strong enough reason to exclude the evidence, because Salou could have held onto the marijuana for a couple of months, making the evidence relevant. Further, the court found the exhibits were not more prejudicial than probative without additional explanation how the message implicated Salou and marijuana.

[¶7] The standard of review for preserved evidentiary rulings is well established:

> This Court reviews a district court's evidentiary ruling under an abuse of discretion standard. A district court has broad discretion on evidentiary matters, and we will not overturn its admission or exclusion of evidence on appeal unless that discretion has been abused. A district court abuses its discretion when it acts arbitrarily, capriciously, or unreasonably, or when its decision is not the product of a rational mental process or if it misinterprets or misapplies the law.

*State v. Yousif*, 2022 ND 234, ¶ 5, 982 N.W.2d 870 (internal citations omitted).

[¶8]   Here, Salou's objection preserved claims of error to relevance and unfair prejudice. Whether the evidence was improper under N.D.R.Ev. 404(b) was not preserved by an objection at trial, which forfeited that claim of error. *See State v. Smith*, 2019 ND 239, ¶ 14, 934 N.W.2d 1. We review the claims regarding relevance and unfair prejudice for abuse of discretion, but the Rule 404(b) claim is reviewable only for obvious error. *Id.*

[¶9]   "A district court has broad discretion in admitting or excluding evidence at trial." *State v. Thomas*, 2022 ND 126, ¶ 10, 975 N.W.2d 562. "Evidence is relevant if [] it has *any* tendency to make a fact more or less probable than it would be without the evidence." N.D.R.Ev. 401 (emphasis added). Establishing relevance is not a substantial burden. *See State v. Haugen*, 448 N.W.2d 191, 195 (N.D. 1989); *State v. Naudain*, 368 Or. 140, 149, 487 P.3d 32 (2021) (describing relevance under Rule 401 as a "very low threshold"); *Lee v. State*, 2003 WY 8, ¶ 9, 61 P.3d 1225 (emphasizing broad language of Rule 401 provides a "low threshold"). The exhibits make it more probable Salou was selling marijuana, and the exhibits are of consequence because further testimony explained the exhibits show Salou was supposed to receive a pound of marijuana. The district court did not act arbitrarily, capriciously, or unreasonably, or misinterpret the law by concluding the photographs and text messages were relevant.

[¶10] Salou argues the district court obviously erred by failing to conduct the three-step analysis our cases require for determining the admissibility of evidence over a Rule 404(b) objection. Salou made no Rule 404(b) objection when the evidence was offered. The court reasoned that the photograph found on Salou's phone taken "a month or two months" earlier showing several bags of marijuana was direct evidence of the charged crime because "a person could hold onto marijuana for a couple months." Salou objected only on grounds of relevance and unfair prejudice, and not under Rule 404(b). He did not request a limiting instruction. His relevance argument suggests the photographs and text messages must be viewed only as "[e]vidence of any other crime, wrong, or act," N.D.R.Ev. 404(b)(1), but after the court rejected that argument and

3

determined it was directly relevant to the charged act, it was incumbent on him to object on the basis of Rule 404(b) or request a limiting instruction. He did not. We conclude the district court did not obviously err in these circumstances.

## III

[¶11]  Salou also argues the evidence was insufficient to support his conviction.

[¶12] This Court's standard for reviewing a sufficiency-of-the-evidence challenge is well established:

> When the sufficiency of evidence to support a criminal conviction is challenged, this Court merely reviews the record to determine if there is competent evidence allowing the jury to draw an inference reasonably tending to prove guilt and fairly warranting a conviction. The defendant bears the burden of showing the evidence reveals no reasonable inference of guilt when viewed in the light most favorable to the verdict. When considering insufficiency of the evidence, we will not reweigh conflicting evidence or judge the credibility of witnesses. . . . A jury may find a defendant guilty even though evidence exists which, if believed, could lead to a verdict of not guilty.

*State v. Noble*, 2023 ND 119, ¶ 4, 992 N.W.2d 518 (quoting *State v. Dahl*, 2022 ND 212, ¶ 5, 982 N.W.2d 580).

[¶13] Salou does not contest that he was in possession of a firearm when he was arrested. He argues he did not have possession of the backpack and was not aware of its contents. Salou was a passenger in a car during a traffic stop. The evidence indicated the backpack was located at his feet, where he could reach and control it. Neither he nor the driver claimed possession of the backpack at the traffic stop. The packaging of the marijuana found in the backpack was similar in appearance to the marijuana shown in the photograph found on Salou's phone. We conclude there was sufficient evidence for a jury to draw an inference reasonably tending to prove Salou was in possession of the backpack.

## IV

[¶14] The criminal judgment is affirmed.

[¶15] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr