# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2024 ND 127

State of North Dakota,                                          Plaintiff and Appellee

   v.

Joshua James Smith,                                          Defendant and Appellant

### Nos. 20240004 & 20240005

Appeal from the District Court of Burke County, North Central Judicial District, the Honorable Richard L. Hagar, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Amber J. Fiesel, State's Attorney, Bowbells, N.D., for plaintiff and appellee; on brief.

Kiara C. Kraus-Parr, Grand Forks, N.D., for defendant and appellant; on brief.

## State v. Smith
## Nos. 20240004 & 20240005

**Tufte, Justice.**

[¶1]    Joshua Smith appeals from criminal judgments entered after a bench trial which convicted him of felonious restraint, two counts of forcible gross sexual imposition, and six counts of aggravated assault. On appeal, he argues the evidence was insufficient to convict him of six counts of aggravated assault because the State proved only three counts at trial. He also argues his felonious restraint and aggravated assault convictions violate the double jeopardy provisions of the state and federal constitutions because felonious restraint and aggravated assault are lesser included offenses which merge into the two counts of gross sexual imposition. We affirm the judgments.

I

[¶2]    The State charged Smith with two counts of forcible gross sexual imposition, six counts of aggravated assault, and one count of felonious restraint. Smith waived his right to a jury trial, and a bench trial was held. At trial, the State provided testimony from the victim, the defendant's landlord, witnesses who assisted the investigation, and law enforcement officers. After the State rested, Smith moved for acquittal under N.D.R.Crim.P. 29. The court denied the motions and rendered a guilty verdict on all counts. Smith appeals.

II

[¶3]    Smith argues the evidence was insufficient to support his conviction on six counts of aggravated assault.

[¶4]    This Court's standard for reviewing a sufficiency-of-the-evidence challenge is well established:

> When the sufficiency of evidence to support a criminal conviction is challenged, this Court merely reviews the record to determine if there is competent evidence allowing the jury to draw an inference reasonably tending to prove guilt and fairly warranting a conviction. The defendant bears the burden of showing the evidence reveals no reasonable inference of guilt when viewed in the light most favorable to the verdict. When considering insufficiency of the evidence, we will not reweigh conflicting evidence or judge the credibility of witnesses.

*State v. Salou*, 2024 ND 6, ¶ 12, 1 N.W.3d 602 (quoting *State v. Noble*, 2023 ND 119, ¶ 4, 992 N.W.2d 518). A defendant does not need to move for judgment of acquittal under N.D.R.Crim.P. 29 at a bench trial to preserve the issue of sufficiency-of-the-evidence for appeal. *State v. Ismail*, 2022 ND 199, ¶ 10, 981 N.W.2d 896; *State v. Himmerick*, 499 N.W.2d 568, 572 (N.D. 1993) (announcing rule for criminal bench trials different from the rule for criminal jury trials and civil cases).

[¶5]     During trial, Smith moved for a judgment of acquittal on a specific ground, which was different from the argument now asserted on appeal. We have held that when a motion is made under Rule 29 on specific grounds during a jury trial, the specific grounds argued before the district court are the only arguments preserved for appeal and any new argument asserting insufficient evidence will be reviewed under the obvious error standard. *State v. Studhorse*, 2024 ND 110, ¶ 28. We do not decide here whether Smith's Rule 29 motion limits our review of grounds not specified to obvious error because the result here is the same when reviewed for obvious error or sufficiency-of-the-evidence.

[¶6]     Smith asserts the State failed to prove six counts of aggravated assault because the victim testified to only three instances of aggravated assault. We disagree. At trial, the court admitted into evidence a recorded interview of Smith. In the interview, Smith described choking the victim nine or ten times, and all but three of the times, he choked the victim until she passed out. This evidence was sufficient to support conviction on six counts of aggravated assault, and thus the court did not err in denying Smith's Rule 29 motion and rendering a guilty verdict.

III

[¶7]     Smith argues his convictions of felonious restraint and aggravated assault violate the double jeopardy provisions of the state and federal constitutions because felonious restraint and aggravated assault are lesser included crimes that merge into the two counts of gross sexual imposition.

[¶8]     This Court applies "de novo review to constitutional issues, including double jeopardy claims." *State v. Kollie*, 2023 ND 152, ¶ 19, 994 N.W.2d 367. "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932); *see also State v. Bertram*, 2006 ND 10, ¶ 14,

708 N.W.2d 913 (applying *Blockburger* "same elements" test). Under this test, the offenses are different if "each offense contains an element not contained in the other." *Peterka v. State*, 2015 ND 156, ¶ 9, 864 N.W.2d 745. This Court has rejected a "same evidence" test, so "neither a common episode nor the same evidence determines double jeopardy." *Bertram*, at ¶ 14.

[¶9]  First, Smith argues felonious restraint is a lesser included crime of forcible gross sexual imposition. In the district court's findings of fact and verdict, an essential element of felonious restraint required the defendant "[k]nowingly restrained [] another human being, under terrorizing circumstances or under circumstances exposing [the victim] to risk of serious bodily injury." N.D.C.C. § 12.1-18-02(2) (felonious restraint statute). An essential element for gross sexual imposition required that the defendant "willfully engaged in sexual contact [or act] with [the victim]." N.D.C.C. § 12.1-20-03(1)(a) (gross sexual imposition-forcible sexual act statute) and N.D.C.C. § 12.1-20-03(2)(b) (gross sexual imposition-forcible sexual contact statute). Under the *Blockberger* test, felonious restraint is not a lesser included offense of gross sexual imposition. Felonious restraint requires proof that the victim was restrained but not that sexual contact or a sexual act occurred, whereas gross sexual imposition requires proof of a sexual contact or sexual act and does not require proof of restraint. Felonious restraint and gross sexual imposition each require proof of an element which the other lacks. Thus, felonious restraint is not a lesser included offense of forcible gross sexual imposition. *Kollie*, 2023 ND 152, ¶ 20 (concluding crimes with different elements are not the same offense).

[¶10]  Second, Smith argues aggravated assault is a lesser included offense of gross sexual imposition. In the district court's findings of fact and verdict, an essential element of aggravated assault required that the defendant "(3) [w]illfully engaged in conduct; (4) [w]hich caused serious bodily injury to [] another human being." N.D.C.C. § 12.1-17-02(1)(a). An essential element for gross sexual imposition required that the defendant "willfully engaged in sexual contact [or act]." N.D.C.C. § 12.1-20-03(1)(a) (gross sexual imposition-forcible sexual act statute) and N.D.C.C. § 12.1-20-03(2)(b) (gross sexual imposition-forcible sexual contact statute). Under the *Blockberger* test, aggravated assault is not a lesser included offense of gross sexual imposition, because aggravated assault requires infliction of serious bodily injury but not sexual contact or a sexual act, whereas gross sexual imposition requires sexual contact or a sexual act and does not require the infliction of serious bodily injury. Aggravated assault and gross sexual imposition each require proof of an element which the other lacks. Since both require different elements,

aggravated assault is not a lesser included offense of forcible gross sexual imposition. *Kollie*, 2023 ND 152, ¶ 20 (concluding crimes with different elements are not the same offense).

## IV

[¶11]  We affirm the criminal judgments.

[¶12]  Jon J. Jensen, C.J.
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte
      Douglas A. Bahr