IN THE SUPREME COURT
STATE OF NORTH DAKOTA

2025 ND 125

Ciro Gomez,                                                    Petitioner and Appellant

v.

State of North Dakota,                                    Respondent and Appellee

No. 20250058

Appeal from the District Court of Walsh County, Northeast Judicial District, the Honorable Kari M. Agotness, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Kiara C. Krause-Parr, Grand Forks, ND, for petitioner and appellant; on brief.

Kelley M.R. Cole, State's Attorney, Grafton, ND, for respondent and appellee; on brief.

**Crothers, Justice.**

[¶1] Ciro Gomez appeals from a district court order dismissing his petition for postconviction relief arguing the court erred by failing to categorize the information and affidavits he submitted as "newly discovered evidence," failing to properly analyze the alleged newly discovered evidence in the context of recanted or coerced testimony, and finding the evidence was hearsay without considering hearsay exceptions. We affirm.

I

[¶2] In 2009 Gomez was charged with continuous sexual abuse of a child in violation of N.D.C.C. § 12.1-20-03.1. Gomez was found guilty after a jury trial. His appeal of the conviction was affirmed. *State v. Gomez*, 2011 ND 29, 793 N.W.2d 451. Gomez filed a petition for postconviction relief in September 2024. He claimed a significant change in law occurred that should be retroactively applied to his case, and there was newly discovered evidence showing he did not engage in the criminal conduct that led to his conviction. The State filed a motion for summary disposition. The district court dismissed Gomez's petition but later granted his motion for reconsideration. In January 2025, the court summarily dismissed Gomez's petition as untimely and did not hold an evidentiary hearing. Gomez timely appealed.

II

[¶3] Gomez argues the district court erred when it determined his petition for postconviction relief was untimely.

[¶4] This Court's standard of review for summary dismissals of postconviction relief actions is well established:

> Post-conviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure. A district court may summarily dismiss an application for postconviction relief if there is no genuine issue of material fact and the moving

party is entitled to judgment as a matter of law. A court may also summarily dismiss a second or successive application for similar relief on behalf of the same applicant. This Court reviews an appeal from summary dismissal of postconviction relief as it would review an appeal from a summary judgment. The party opposing the motion for summary dismissal is entitled to all reasonable inferences to be drawn from the evidence and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact.

*Myers v. State*, 2017 ND 66, ¶ 7, 891 N.W.2d 724 (cleaned up); N.D.C.C. § 29-32.1-09.

[¶5]   Section 29-32.1-01(2), N.D.C.C., states, "an application for relief under this chapter must be filed within two years of the date the conviction becomes final." Section 29-32.1-01(3)(a), N.D.C.C., lists exceptions to this two-year rule stating:

(1) The petition alleges the existence of newly discovered evidence, including DNA evidence, which if proved and reviewed in light of the evidence as a whole, would establish that the petitioner did not engage in the criminal conduct for which the petitioner was convicted;

(2) The petitioner establishes that the petitioner suffered from a physical disability or mental disease that precluded timely assertion of the application for relief; or

(3) The petitioner asserts a new interpretation of federal or state constitutional or statutory law by either the United States supreme court or a North Dakota appellate court and the petitioner establishes that the interpretation is retroactively applicable to the petitioner's case.

Gomez argued a substantive change in the law should be retroactively applied to his case, and newly discovered evidence exists showing he did not engage in the criminal conduct that led to his conviction.

A

[¶6]   The district court ruled there had been no change in substantive law applicable to this case. The court explained:

> Gomez relies on *State v. Noble*, 2023 ND 119, 992 N.W.2d 518 in support of a significant law change in North Dakota. Gomez's argument is misplaced. *Noble* did not result in a significant change in the law. *Noble* involved a decision that the evidence presented by the State was insufficient to meet the elements of some of the crime charged. Gomez has not raised any facts to indicate the victim in his conviction was not a minor.

(Cleaned up.) Like the court described, this Court in *Noble* dealt with insufficient evidence to establish the victim was a minor, and the charges did not align with the time period provided to the jury. *Id.* ¶ 10. The holding in *Noble* is not a substantive change in the law, and Gomez has not illustrated how his conviction is similar to that in *Noble*. The district court did not err in determining there was no change in the law. Therefore, the exception to filing a postconviction relief claim within two years does not apply.

B

[¶7]   Gomez claims the district court erred by concluding the alleged newly discovered evidence was not new for purposes of Gomez's petition.

[¶8]   Gomez argues the district court erred by not considering his proffered evidence "under the framework established in *O'Neal v. State*, where this Court held that post-conviction relief applications asserting new evidence should be reviewed the same as motions for new trial based on newly discovered evidence under N.D.R.Crim.P. 33. *O'Neal v. State*, 2023 ND 109, ¶ 4, 992 N.W.2d 14." (Cleaned up.) The test used in *O'Neal*, requires proof of the following:

> (1) the evidence was discovered after trial, (2) the failure to learn about the evidence at the time of trial was not the result of the defendant's lack of diligence, (3) the newly discovered evidence is material to the issues at trial, and (4) the weight and quality of the newly discovered evidence would likely result in an acquittal.

3

*Id.* (Cleaned up.) However, the test in *O'Neal* applies to postconviction relief claims made within the limitation period in N.D.C.C. § 29-32.1-01(2).

[¶9] A party requesting postconviction relief after expiration of the limitation period in N.D.C.C. § 29-32.1-01(2) and based on newly discovered evidence must meet the standard articulated in *Bridges v. State*, 2022 ND 147, ¶ 13, 977 N.W.2d 718 ("the district court must continue to determine whether the alleged evidence is newly discovered under prongs one through three and then, applying the statutory requirement, determine 'if proved and reviewed in light of the evidence as a whole' the newly discovered evidence would 'establish that the petitioner did not engage in the criminal conduct for which the petitioner was convicted.' *See* N.D.C.C. § 29-32.1-01(3)(a)(1).").

[¶10] Here, the district court determined Gomez's affidavit in support of his argument about newly discovered evidence refers to a conversation that occurred while Gomez was awaiting trial. Gomez's affidavit states:

> I recently got my trial transcripts & I read that I had made a telephone call to Sammy [ ] & Barb [ ] was worried about me introducing some kind of evidence regarding about what Kelly had told me long time ago & that's when I remembered when I was incarcerated in Walsh county jail—Kelly came & visit me & she told me that she & Nikki had gotten into an altercation where me & Nikki resided 103 eastern ave & that's where Nikki disclosed that information to Kelly. Kelly told me that Nikki had lied about me & she Kelly told me that Nikki had also told Kelly that [the victim] had also accused her brother [ ] of sexually abusing her.

Because Gomez concedes this information was known at the time of his trial, the information is not new and therefore fails the first requirement for what must be shown to establish the exception to the two-year filing deadline.

[¶11] Gomez also claims the district court erred in dismissing his claim because affidavits from Gomez and another individual reference an additional conversation between the individual and a third person. The court concluded both affidavits established that Gomez learned about the underlying conversation "about 3 years ago." The court explained this evidence is also

4

untimely because it was not submitted within the two years required by N.D.C.C. § 29-32.1-01(3)(b). That law states, "An application under this subsection must be filed within two years of the date the petitioner discovers or reasonably should have discovered the existence of the new evidence, the disability or disease ceases, or the effective date of the retroactive application of law." Because Gomez concedes any additional information that could be deemed "newly discovered" was made known to him three years ago, he is outside the two-year period for bringing a claim, and his reason for the late filing does not fall within an exception. Therefore, the court did not err in summarily dismissing Gomez's application for postconviction relief.

### III

[¶12] The district court did not err in summarily dismissing Gomez's application for postconviction relief because Gomez's application is outside the statutorily required period for filing and does not qualify as an exception to the rule. We affirm the district court's order.

[¶13] Jon J. Jensen, C.J.
     Daniel J. Crothers
     Lisa Fair McEvers
     Jerod E. Tufte
     Douglas A. Bahr